**Marta A. MARTINEZ and Pedro Martinez, Appellants,**

v.

**Bangalore LAKSHMIKANTH, M.D. and She Ling Wong, M.D., Appellees.**

No. 13–98–092–CV.

Court of Appeals of Texas, Corpus Christi.

June 24, 1999.

Rehearing Overruled Sept. 16, 1999.

Curtis L. Cukjati, Cacheaux, Cavazos, Newton, Martin & Cukjati, Clem V. Lyons, ·Irene Rios, Lyons & Rhodes, San Antonio, for appellants.

Mitchell Chaney, Rodriguez, Colvin & Chaney, Brownsville, Neil E. Norquest, Chris A. Brisack, Norquest & Brisack, McAllen, Ferriel C. Hamby, Jr., Adams & Graham, Harlingen, Linda C. Breck, Douglas M. Kennedy, Thomas F. Nye, Brin & Brin, Corpus Christi, for appellees.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

This is an appeal from the trial court's dismissal with prejudice of appellants Marta and Pedro Martinez's health care liability claim. The Martinezes filed suit against appellees, Drs. Bangalore Lakshmikanth and She Ling Wong (the "Doctors"), in the 357th District Court in Cameron County, Texas. However, they failed to either file their expert report or non-suit within 180 days of filing suit in accordance with the Medical Liability and Insurance Improve-

ment Act (the "Act").[1] On the 223rd day after filing suit, the Martinezes voluntarily non-suited their cause of action against the Doctors without prejudice and refiled their claim in the 197th District Court of Cameron County, Texas. The Doctors then moved the court to dismiss the second suit pursuant to section 13.01(e) of the Act for failure to either file their expert report or non-suit within 180 days of filing the first suit, which the trial court granted. We reverse and remand.

The Martinezes first complain the trial court in the second suit did not have "jurisdiction" to dismiss the suit against the Doctors.

■ The Martinezes have confused "authority" with "jurisdiction." Judge Meyers of the court of criminal appeals explained this confusion in his concurring opinion in *Stine v. State*, 908 S.W.2d 429 (Tex.Crim.App.1995) where he stated:

> Although the word "jurisdiction" has a broad meaning in common parlance, and is often used as a synonym for "authority" even in legal writing, it is traditionally considered in the law to identify a much more specific kind of power. A court's jurisdiction is comprised generally of its authority to render a particular kind of judgment (such as an order of commitment or a judgment for money damages) in some kinds of disputes (such as felony criminal prosecutions or personal injury lawsuits) between certain classes of persons (such as everyone present within the state or within a subdivision of the state). There are of course, many other nonjurisdictional aspects of litigation in which the conduct of a court is controlled by law. *Sometimes, when the court's conduct violates one of these laws, especially a law which seems "mandatory" on its face, it is common to say that the court did not have authority to act as it did. But it is a mistake to say that the court was without jurisdiction in the matter.*

*Id.* at 434 (Meyers, J., concurring) (citations omitted) (emphasis added). While section 13.01(e) may not have conferred "authority" upon the trial court to grant the dismissal, there is no question the trial court had jurisdiction over the parties, the subject matter, and had the capacity to act as a court. Therefore, we find the Martinezes' jurisdictional challenge is without merit.

Next, the Martinezes argue it was error for the trial court to dismiss their cause of action under section 13.01(e) of the Act because the Act does not permit such dismissal where the plaintiff has voluntarily non-suited its cause of action and refiled in another court.

### STANDARD OF REVIEW

■ We review the trial court's dismissal of a cause of action under section 13.01(e) using an abuse of discretion standard. *Pony Express Courier Corp. v. Morris*, 921 S.W.2d 817, 820 (Tex.App.— San Antonio 1996, no writ). We defer to the trial court's factual determinations, but review questions of law de novo. *Id.; see also Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex.1989) (noting statutory construction is a question of law). It is an abuse of discretion if the trial court's ruling is arbitrary, unreasonable, or made without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1986); *NationsBank of Texas, N.A. v. Akin, Gump, Hauer & Feld, L.L.P.*, 979 S.W.2d 385, 395–96 (Tex.App.—Corpus Christi 1998, no pet.).

■ Well settled rules of statutory construction dictate that this Court must give effect to the intent of the legislature. *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex.1993). If the statutory language is unambiguous, we determine the legislative intent from the plain and common meaning of the words of the statute. *Id.; Moreno v. Sterling*

---

1. Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(d) (Vernon Supp.1999).

*Drug, Inc.*, 787 S.W.2d 348, 352 (Tex.1990); *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex.1985). Otherwise, we consider the language of the statute in conjunction with the legislative history, the nature and object to be obtained, and the consequences of alternate constructions. *Sharp v. House of Lloyd, Inc.*, 815 S.W.2d 245, 249 (Tex.1991).

 In applying the plain and common meaning rule, this Court will not give more meaning to any particular word or phrase beyond its ordinary meaning. *Sorokolit v. Rhodes*, 889 S.W.2d 239, 241 (Tex.1994). We presume every word or phrase included in the statute has a purpose and every word or phrase excluded was left out for a purpose. *Southwestern Bell Tel. Co. v. Public Util. Comm'n*, 888 S.W.2d 921, 926 (Tex.App.—Austin 1994, writ denied) (citing *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981)). In applying the plain-meaning rule, courts avoid foolish or absurd results that work an injustice upon the legislative intent. *Meno v. Kitchens*, 873 S.W.2d 789, 792 (Tex.App.—Austin 1994, writ denied). Even though the statutory construction may seem unwise or inconsistent with other policies, it does not necessarily justify departure from the plain meaning of the legislative mandate. *Id.; Railroad Comm'n v. Miller*, 434 S.W.2d 670, 672 (Tex.1968).

### PURPOSE OF THE MEDICAL LIABILITY AND INSURANCE IMPROVEMENT ACT

The Medical Liability and Insurance Improvement Act was enacted to curtail frivolous claims against physicians and other health care providers. TEX.REV.CIV. STAT. ANN. art. 4590i, § 1.02 (Vernon Pamph. 1999); *see Horsley–Layman v. Angeles*, 968 S.W.2d 533, 537 (Tex.App.—Texarkana 1998, no pet.). Specifically, section 13.01 was enacted to address the problem of unmeritorious claims being filed without first being adequately investigated—that is, to stop plaintiffs from filing claims and then using discovery as a "fishing expedi-

tion" to fortify their claim. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01 (Vernon Pamph.1999); *Horsley–Layman*, 968 S.W.2d at 537; *see also* HOUSE COMM. ON CIVIL PRACTICES, BILL ANALYSIS, Tex. H.B. 971, 74th Leg., R.S. (1995). To establish a claim's merit, the Act requires claimants to file an expert report together with the expert's *curriculum vitae*, no later than 180 days after suit is filed. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d) (Vernon Pamph.1999). The Act provides that if the plaintiff fails to timely provide the report or non-suit his claim, the trial court shall, dismiss the suit with prejudice upon defendant's motion. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(e) (Vernon Pamph.1999).

### DISCUSSION

The trial court's dismissal was predicated upon section 13.01(e) of the Act, which provides:

If a claimant has failed, for any defendant physician or health care provider, to comply with Subsection (d) of this section within the time required, the court shall, *on the motion of the affected physician* or health care provider, enter an order awarding as sanctions against the claimant or the claimant's attorney:

\* \* \*

(3) the *dismissal of the action of the claimant against that defendant with prejudice* to the claim's refiling.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(e) (Vernon Pamph.1999) (emphasis added). It was the Doctors' contention at trial and now on appeal that this provision, when considered in conjunction with sections 13.01(d) and (n), only permits a plaintiff to take a non-suit without prejudice within the first 180 days after suit has been filed. Section 13.01(d) states:

Not later than the later [sic] of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant shall, for each phy-

sician or health care provider against whom a claim is asserted:

(1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; or

(2) voluntarily nonsuit the action against the physician or health care provider.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d) (Vernon Pamph.1999). Section 13.01(n) provides:

If a claimant nonsuits a health care liability claim against a physician or health care provider before filing a cost bond and seeks to refile the same or a similar health care liability claim against the physician or health care provider, the claimant shall file a $7,500 cost bond for each previously nonsuited physician or health care provider at the time of the filing of the health care liability claim. If the claimant fails to file the $7,500 cost bond for each physician or health care provider, on motion and hearing the court shall order the filing of the cost bond and the claimant shall pay the movant reasonable attorney's fees incurred in obtaining relief under this subsection.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(n) (Vernon Pamph.1999).

The Doctors suggest the above provisions *expressly* limit a plaintiff's right to non-suit, arguing that "13.01(d)(2) limits the right by preventing a post–180 day non-suit from interfering with the consequences of a claimant's failure to furnish the required expert report, and 13.01(n) limits the right by creating an exception to the rule that the effect of a non-suit is to render a case as if it had never been filed." Furthermore, they contend 13.01(d)(2) requires a non-suit to be taken within 180 days if no expert report has been filed. They argue that to permit plaintiffs to non-suit their claims without prejudice after the 180th day renders 13.01(d) and (n) meaningless and violates the spirit of the Act.

To read the statute as appellees would have us do, would be to create a *de facto* "automatic dismissal with prejudice" after the 180th day. This is so because the only action that could be taken on a cause of action after the 180th day would be: (1) dismissal with prejudice upon defendant's motion; (2) dismissal with prejudice upon plaintiff's non-suit "with prejudice;" or (3) dismissal for want of prosecution upon the court's own motion. If the legislature had wanted to provide that a plaintiff could only take a non-suit without prejudice within the first 180 days, it could have so provided. It, however, did not.

 Considering the "plain and common meaning" of the words used in the statute, we find the legislature intended to provide plaintiffs with a 180–day window in which to file their expert report or non-suit their claim. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d) (Vernon Pamph. 1999) Thereafter, the statute expressly states "the court *shall, on the motion of the affected physician* or health care provider, enter an order awarding as sanctions against the claimant … the *dismissal of the action of the claimant against that defendant with prejudice* to the claim's refiling." TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(e) (Vernon Pamph.1999) (emphasis added). This language places the burden on the defendant doctors to move the trial court to dismiss the claim against them. Upon such motion, the trial court has no discretion but to dismiss the cause of action with prejudice. The Act specifically requires that some affirmative action be taken by the defendant before the court dismisses the cause of action. Failure to make the appropriate motion in a timely manner, effectively *waives* the defendant's right to this remedy.

 We acknowledge that this essentially creates a "race to the courthouse" on the 181st day after a health care liability claim has been filed. If this is not what the legislature intended, it is incumbent upon it, and not this Court, to fashion the

appropriate remedy. This Court will not invade the legislative prerogative by reading into the statute what simply is not there. *See Houston Chronicle Pub. Co. v. Woods,* 949 S.W.2d 492, 497–98 (Tex. App.—Beaumont 1997, no writ) (quoting *Boykin v. State,* 818 S.W.2d 782, 785–86 (Tex.Crim.App.1991): "This method [of applying the plain meaning rule] of statutory interpretation is of ancient origin and is, in fact, the only method that does not unnecessarily invade the lawmaking province of the Legislature.").

 We hold section 13.01(d) does not prohibit a plaintiff from taking a non-suit after the 180th day. The Martinezes filed their non-suit on the 223rd day. Accordingly, rule of civil procedure 162 controls.[2] Rule 162 permits a non-suit to be taken anytime before the plaintiff has introduced all of his evidence. Because the Martinezes had introduced no evidence at the time they filed their non-suit in the first court, non-suit was proper. Accordingly, it was error for the trial judge in the second suit to grant a dismissal under the assumption that the Act prohibited a non-suit without prejudice after the 180th day of the first suit.

This Court will not reward defendants who "sit on their hands" for forty-three days and allow the plaintiffs to non-suit their cause of action and refile. Anytime during those forty-three days the Doctors could have moved the court to sanction the Martinezes for not filing their expert report or non-suiting within the 180 days. They chose not to do so. Therefore, we hold they have waived their right to the remedy provided in section 13.01(e). Because we hold the Act permits the plaintiffs to non-suit their cause of action in the 357th District Court, it was improper for the judge of the 197th District Court to

grant appellee's motion to dismiss based upon section 13.01(e) of the Medical Liability and Insurance Improvement Act. Accordingly, we sustain the Martinezes' third issue.

Due to our disposition of the above issue, we need not address appellant's remaining issues. TEX.R.APP. P. 47.1.

The judgment of the trial court is REVERSED and this cause REMANDED for further proceedings consistent with this opinion.

---

2. We acknowledge the Doctors' argument that section 13.01(p) provides that in the event there is conflict between the Act and the rules of procedure or other court rules, the Act will control. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(p) (Vernon Pamph.1999). However, because the Act does not address the issue of non-suits after the 180th day, we find there is no conflict between section 13.01 and rule 162. Therefore, section 13.01(p) is inapplicable under the facts of this case.