Nanette TORRES and Mike
Torres, Jr., Appellants,

v.

CITY OF BELLMEAD, Appellee.

No. 10–00–190–CV.

Court of Appeals of Texas,
Waco.

Feb. 21, 2001.

Charles L. Levy, Law Office of Charles L. Levy, Waco, for appellant.

Enid A. Wade, Naman, Howell, Smith & Lee, P.C., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

VANCE, Justice.

On June 16, 1996, Nanette Torres participated in a softball tournament at the City of Bellmead Softball Complex ("Softball Complex"), which is owned and maintained by the City of Bellmead ("City"). After her team was eliminated, Torres chose to sit on a swing located at the Softball Complex to watch the championship game. The swing broke, causing her injury, and Torres [1] sued the City to recover damages. The City moved for summary judgment which was granted. We reverse the take-nothing summary judgment in favor of the City because we hold that it is not shielded from liability by the provisions of the recreational-use statute found in chapter 75 of the Civil Practice and Remedies Code. TEX.CIV.PRAC. & REM. CODE ANN. § 75.002(c)(2) (Vernon Supp. 2001). We remand this cause for further proceedings.

### *THE JUDGMENT FOR THE CITY*

The City's motion for summary judgment argued that it owed Torres only the duty owed to a trespasser—that is, not to

---

1. Nanette's husband, Mike Torres, Jr., joined in the suit claiming loss of consortium.

injure her through wantonly, willfully, or grossly negligent conduct—because it had allowed her to come upon its land to engage in "recreational" activities. This theory, if correct, supports the summary judgment. First, though, we will establish the principles that guide our review.

### Summary judgment standards

The standards for reviewing a summary judgment sought under Rule 166a(c) are well established. TEX.R.CIV.P. 166a; *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548 (Tex.1985). The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to the summary judgment as a matter of law. *Id.* The reviewing court must accept all evidence favorable to the non-movant as true. *Id.* at 548–49. Every reasonable inference must be indulged in favor of the non-movant and all doubts resolved in its favor. *Id.* at 549. Evidence which favors the movant will be considered only if it is uncontroverted. *Texas Dept. of Public Safety v. Ackerman,* 31 S.W.3d 672, 677 (Tex.App.—Waco 2000, pet. denied) (citing *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965)).

A defendant who conclusively negates at least one of the essential elements of each of the plaintiff's causes of action or who conclusively establishes all of the elements of an affirmative defense is entitled to summary judgment. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995) (citing *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984)). As applied here, the City, as the movant, must establish that Torres' claim falls within the scope of the recreational-use statute, found in chapter 75. TEX. CIV. PRAC. & REM.CODE ANN. § 75.002(c)(2).

### The City's recreational-use theory

The City's motion for summary judgment alleged that the only duty it owed to Torres was to refrain from intentionally, wantonly, or willfully injuring her or causing her injury by gross negligence, and so was not liable for the simple negligence alleged in her petition. The City based this claim on chapter 75 of the Civil Practice and Remedies Code. *Id.* §§ 75.001–.003. This chapter, entitled "Limitation of Landowners' Liability," provides that a landowner who allows or invites another to *enter* his property for "recreation" does not owe to the other a greater degree of care than that owed to a trespasser. *Id.* § 75.002(c)(2).

The text of the statute, as it existed in 1996, provided a non-exclusive list of activities that constituted "recreation":

> "Recreation" means an activity such as hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, cave exploration, and waterskiing and other water sports.

Act of May 15, 1989, 71st Leg., R.S., ch. 736, § 1, 1989 Tex. Gen. Laws 3299 (amended 1995 and 1997) (current version at TEX.CIV. PRAC. & REM.CODE ANN. § 75.001(3) (Vernon Supp.2001)). Since that time, the statute has been amended. *Id.*

Torres entered the Softball Complex to participate in a softball tournament, a competitive team sport. Therefore, we must determine whether competitive team sports, such as softball, are among the activities contemplated by section 75.001 as it existed in 1996.

At that time, the only reference to "sports" in section 75.001 was to "water sports." The South Dakota Supreme Court has interpreted a similar recreational-use statute, in which the only reference to "sports" was "winter sports," to deter-

mine whether it included softball. *Johnson v. Rapid City Softball Ass'n.*, 514 N.W.2d 693, 695–96 (S.D.1994). The court reasoned:

> While the legislature included "winter sports" within the list of activities, "summer sports," and specifically softball, were not listed. The inclusion by the legislature of the term "winter sports" seems to imply consideration and rejection of "summer sports." This indicates that the South Dakota statute does not apply to owners of softball fields.

*Id.* at 696.

■ We agree with the reasoning of the South Dakota Supreme Court. Had the Texas Legislature intended to include competitive team sports, such as softball, in the definition of "recreation" it could have easily done so. It did not. Therefore, we assume it intended otherwise. *See Martinez v. Lakshmikanth,* 1 S.W.3d 144, 149 (Tex.App.—Corpus Christi 1999, pet. denied) (We will not invade the legislative prerogative by reading into the statute what simply is not there.). We hold that competitive team sports, such as softball, are not included in the definition of "recreation" in section 75.001 as it existed in 1996.

Thus, we find that Torres did not enter the Softball Complex to engage in "recreation" "such as hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, cave exploration, and waterskiing and other water sports." The trial court's grant of the take-nothing summary judgment on the basis of the City's motion for summary judgment asserting the protection of the recreational-use statute was error. *Cathey,* 900 S.W.2d at 341 (defendant must conclusively establish all of the elements of an affirmative defense).

## Later Amendments

Our holding is bolstered by two subsequent amendments to the statute. In 1997, the legislature amended section 75.001 to read as follows:

> "Recreation" means an activity such as:
> (A) hunting;
> (B) fishing;
> (C) swimming;
> (D) boating;
> (E) camping;
> (F) picnicking;
> (G) hiking;
> (H) pleasure driving;
> (I) nature study, including bird-watching;
> (J) cave exploration;
> (K) waterskiing and other water sports; or
> (L) *any other activity associated with enjoying nature or the outdoors.*

Act of April 24, 1997, 75th Leg., R.S., ch. 56, § 1, 1997 Tex. Gen. Laws 124 (emphasis added). In particular, the amendment added the catch-all phrase, "any other activity associated with enjoying nature or the outdoors." This is the version in existence today. TEX. CIV. PRAC. & REM.CODE ANN. § 75.001(3).

■ When a statute sets forth a specific detailed list followed by a general catch-all phrase, the general phrase is interpreted by the *"ejusdem generis"* canon of construction, which states that the general phrase is limited to the same types of things that are listed more specifically. WILLIAM D. POPKIN, MATERIALS ON LEGISLATION 345 (1993); *see also Cortez v. Progressive County Mut. Ins. Co.,* 2000 WL 1125257, at *4 (Tex.App.—Austin Aug.10, 2000, no pet.).

Looking to subsection (L) of the current statute, we find that competitive team sports, such as softball, are still not within

the catch-all phrase, "any other activity associated with enjoying nature or the out-doors." While one might enjoy nature or the outdoors while playing softball, softball is not of the type of activities which are specifically listed in section 75.001(3), *i.e.,* "hunting, fishing, swimming, boating, . . ." TEX. CIV. PRAC. & REM.CODE ANN. § 75.001(3). This supports our holding that the legislature intended not to include competitive team sports within the defini-tion of "recreation." *See Martinez,* 1 S.W.3d at 149.

The second amendment occurred in 1999, when the legislature added hockey, in-line hockey, skating, and skateboarding as "recreation" activities, but only if con-ducted in an indoor municipal facility. Act of May 18, 1999, 76th Leg., R.S., ch. 734, § 1, 1999 Tex. Gen. Laws 3345 (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 75.002(e) (Vernon Supp.2001)). Howev-er, this amendment names specific compet-itive team sports, and appears in a differ-ent section. The inclusion of hockey and in-line hockey implies consideration and re-jection by the legislature of other competi-tive team sports. *See Johnson,* 514 N.W.2d at 696.

### CONCLUSION

The court erred when it granted the City's motion for summary judgment. The judgment is reversed, and the cause is remanded for trial.