**Frances B. CRITES, M.D., Appellant**

v.

**Linda COLLINS and Willie Collins, Appellees.**

**No. 05–06–00453–CV.**

Court of Appeals of Texas, Dallas.

Feb. 28, 2007.

Devon Joy Singh, Diana L. Faust and R. Brent Cooper, Cooper & Scully, P.C., Dallas, for Appellant.

Kevin L. Wentz and Glynis L. Zavarelli, Wentz & Zavarelli, L.L.P., Irving, for Appellee.

Before Justices WRIGHT, BRIDGES, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

Frances B. Crites, M.D. appeals the trial court's denial of her motion to dismiss with prejudice and for reasonable attorney's fees and costs under section 74.351(b) of the Texas Civil Practice and Remedies Code, which she filed after Linda Collins and Willie Collins nonsuited their medical malpractice causes of action. In a single issue, Dr. Crites asserts the trial court abused its discretion in denying her motion. We conclude the trial court correctly denied Dr. Crites's motion for both dismissal with prejudice and reasonable attorney's fees and costs. Accordingly, we affirm the trial court's judgment.

## BACKGROUND

On August 18, 2005, the Collinses sued Dr. Crites for negligence and gross negligence alleging she improperly performed abdominal surgery on Linda Collins. The Collinses did not file an expert report, and they filed notice of nonsuit on December 30, 2005. On January 3, 2006, Dr. Crites filed a motion to dismiss with prejudice and for reasonable attorney's fees and costs because the Collinses had not filed an expert report within 120 days of filing suit. On January 19, 2006, the trial court entered an order dismissing the Collinses' causes of action. After a hearing on February 24, 2006, the trial court denied Dr. Crites's motion, and Dr. Crites filed this appeal.

## NONSUITS AND CIVIL PRACTICE & REMEDIES CODE § 74.351

Dr. Crites asserts the trial court abused its discretion by denying her motion to dismiss the cause with prejudice and to award her attorney's fees and costs. We review a trial court's decision on a motion to dismiss under section 74.351 for an abuse of discretion. *See Am. Transi-*

*tional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 875 (Tex.2001); *Park v. Lynch,* 194 S.W.3d 95, 97 (Tex.App.-Dallas 2006, no pet.). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner or when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985); *Garner v. Garner,* 200 S.W.3d 303, 306 (Tex.App.-Dallas 2006, no pet.). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Pollard v. Merkel,* 114 S.W.3d 695, 698 (Tex.App.-Dallas 2003, pet. denied).

▪ Under rule of civil procedure 162, a plaintiff may nonsuit his case at any time before he has rested his case in chief. TEX.R. CIV. P. 162. The nonsuit does not affect pending claims of an adverse party for affirmative relief, nor does it affect any motion for sanctions, attorney's fees, or other costs pending at the time of dismissal. *Id.* A dismissal pursuant to a notice of nonsuit of an unadjudicated claim is usually without prejudice to the party's refiling the claim. *Rexrode v. Bazar,* 937 S.W.2d 614, 619 (Tex.App.-Amarillo 1997, no writ); *see Hyundai Motor Co. v. Alvarado,* 892 S.W.2d 853, 854–55 (Tex.1995) (claims adjudicated before nonsuit are dismissed with prejudice).

Under section 74.351 of the civil practice and remedies code, a plaintiff presenting a health care liability claim must serve the defendant with an expert report within 120 days of filing suit. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon Supp.2006). If the plaintiff fails to serve the expert report, the trial court, on proper motion of the defendant,

> shall . . . enter an order that
>> (1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and
>> (2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

*Id.* § 74.351(b).[1]

▪ Had Dr. Crites filed her section 74.351(b) motion to dismiss before the Collinses filed their notice of nonsuit, the statute would have required the cause to be dismissed with prejudice and Dr. Crites awarded reasonable attorney's fees and costs. *See, e.g., Moseley v. Behringer,* 184 S.W.3d 829, 834 (Tex.App.-Fort Worth 2006, no pet.); *Puls v. Columbia Hosp.,* 92 S.W.3d 613, 619 (Tex.App.-Dallas 2002, pet. denied). However, when the Collinses filed their notice of nonsuit, no such motion was pending. The Collinses' notice of nonsuit took effect immediately, extinguishing the Collinses' claims the moment it was filed. *See Univ. of Tex. Med. Branch v. Estate of Blackmon ex rel. Shultz,* 195 S.W.3d 98, 100 (Tex.2006).

---

1. Under the previous version of section 74.351, which was Texas Revised Civil Statutes article 4590i, section 13.01, a plaintiff had to file, within 180 days of bringing suit, either an expert report or a nonsuit of the action; if the plaintiff failed to timely file the report or nonsuit, the cause, on the defendant's motion, would be dismissed with prejudice and the defendant awarded reasonable attorney's fees and costs of court. *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(a), (d), (e), 1995 Tex. Gen. Laws 985, 985, 986, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884. When article 4590i was repealed and its provisions moved to the civil practice and remedies code, the time for serving the expert report was shortened to 120 days, and the option of nonsuiting the action to avoid dismissal with prejudice and sanctions was removed from the statute. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a), (b). However, the legislature did not remove the plaintiff's right to nonsuit under rule 162.

Dr. Crites asserts she could move for dismissal with prejudice and for reasonable attorney's fees and costs after the Collinses' nonsuit of their claims even though the nonsuit dismissed the entire case and no case was then pending. We disagree. In interpreting the similar provisions of article 4590i, section 13.01(e), the appellate courts concluded that when the time for serving the expert report expires, there is a "race to the courthouse" between the plaintiff to file a nonsuit and the defendant to file a motion to dismiss with prejudice. *Martinez v. Lakshmikanth,* 1 S.W.3d 144, 148 (Tex.App.-Corpus Christi 1999, pet. denied); *see also Moseley,* 184 S.W.3d at 833 (citing *Martinez* ); *Jones v. Khorsandi,* 148 S.W.3d 201, 203 (Tex.App.-Eastland 2004, pet. denied) (same). If the doctor files the motion to dismiss with prejudice before the plaintiff nonsuits its case, then the plaintiff cannot nonsuit the case without prejudice and must pay the doctor's reasonable attorney's fees and costs; if the doctor files the motion to dismiss with prejudice after the plaintiff nonsuits its case, then the doctor will have failed "to make the appropriate motion in a timely manner, effectively waiv[ing] the defendant's right" to dismissal with prejudice. *Martinez,* 1 S.W.3d at 148. Because of the similarity of article 4590i, section 13.01(d), (e), to section 74.351(b), we conclude this analysis should apply to section 74.351(b).

Although *Martinez* concerned only the dismissal-with-prejudice remedy and does not discuss reasonable attorney's fees and costs, the two remedies are paired under both article 4590i, section 13.01(e), and section 74.351(b). Thus, if a defendant is not entitled to dismissal with prejudice, it is also not entitled to reasonable attorney's fees and costs.

In this case, the 120-day deadline for serving the expert report expired December 16, 2005. The Collinses did not file their notice of nonsuit until after the expiration of the 120-day deadline. Dr. Crites did not file her motion to dismiss with prejudice and for reasonable attorney's fees and costs until after the Collinses nonsuited their claims. By waiting until after the Collinses had nonsuited their claims to file her motion to dismiss with prejudice and for reasonable attorney's fees and costs, Dr. Crites waived her entitlement to that relief. *See Martinez,* 1 S.W.3d at 149. Accordingly, we conclude the trial court did not abuse its discretion in denying Dr. Crites's motion for dismissal with prejudice and for reasonable attorney's fees and costs. We overrule Dr. Crites's issue in this case.

We affirm the trial court's judgment.