COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-226-CV

PAULA SHAIKH, INDIVIDUALLY APPELLANT

AND AS NEXT FRIEND OF JULIA DREYER

V.

PLAZA MEDICAL CENTER OF FORT WORTH, APPELLEE

A/K/A COLUMBIA PLAZA MEDICAL CENTER 

OF FORT WORTH SUBSIDIARY, L.P.

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is a health care liability case in which appellant, Paula Shaikh, individually and as next friend of Julia Dreyer, complains of the trial court’s dismissal with prejudice of her claims against appellee, Plaza Medical Center of Fort Worth a/k/a Plaza Medical Center of Fort Worth Subsidiary, L.P.  We affirm.

On December 14, 2005, appellant filed a health care liability claim against appellee and several nurses
(footnote: 2) involved in the medical care and treatment of Julia Dreyer.  On January 12, 2006, appellee answered appellant’s lawsuit and simultaneously filed a plea in abatement pursuant to section 74.052 of the Texas Civil Practice and Remedies Code, alleging that appellant had failed to provide the statutorily-required authorization form with her written notice of suit.
(footnote: 3)
 On February 13, 2006, the trial court granted appellee’s plea in abatement, abating all further proceedings against appellee for sixty days following the receipt from appellant of the statutorily-required authorization form.  Appellant provided a compliant authorization on the same day via fax.  The abatement, therefore, expired on April 14, 2006.

On April 21, 2006, one week after the expiration of appellant‘s expert report deadline,
(footnote: 4) appellee filed a motion to dismiss pursuant to section 74.351 of the Texas Civil Practice and Remedies Code, seeking dismissal with prejudice and the award of attorney’s fees and costs.
(footnote: 5)  Then, on April 27, 2006, appellant filed a motion to dismiss 
without
 prejudice, claiming the motion was “being filed with the consent of Defendants.”  On May 1, 2006, the trial court signed an order dismissing appellant’s claims without prejudice.  However, after a hearing on May 15, 2006, the trial court ordered that the case be dismissed 
with
 prejudice and awarded appellee attorney’s fees in the amount of $5,000.00. 

In her first issue, appellant contends that the trial court’s Order of Dismissal with Prejudice and Award of Attorney’s Fees was erroneous because the effect of the abatement order was to suspend all deadlines in the case, including the expert report deadline under section 74.351.  We disagree.

Under Chapter 74 of the Texas Civil Practice and Remedies Code, notice of a health care liability claim “must be accompanied by the authorization form for release of protected health information as required under section 74.052” of the Code.
(footnote: 6)  This abatement, however, does not relieve a health care liability plaintiff from her obligation to serve an expert report 120 days after filing her claim.
(footnote: 7)  As one of our sister courts observed,  

[I]f an abatement for failure to give the required notice under the act automatically extends the deadline for filing the medical expert report, a plaintiff would in fact be rewarded with additional time for the filing of his report by his failure to comply with the statutory notice requirement.  In other words, a health care provider would be placed in the position of having to choose whether to seek an abatement for the failure of the plaintiff to give him the statutorily required 60-day notice or to hold the plaintiff to the statutorily required deadline for filing the expert report.  We cannot believe that the intent of the legislature to discourage frivolous lawsuits and encourage settlement of claims would be served by such a construction, since the legislature has determined that failing to timely file an expert report means that the claim is either frivolous or at best has been prematurely brought.
(footnote: 8)

We hold that the trial court’s abatement of this case for failure to give the required notice under section 74.052 did not extend the time for appellant to serve her expert report under section 74.351.  Appellant’s first issue is, therefore, overruled.  

In her second issue, appellant argues that the trial court’s Order of Dismissal with Prejudice and Award of Attorney’s Fees to appellee was erroneous because the court had already granted appellant’s motion to dismiss with each party being assessed its own costs.  Again, we disagree.  

Although a plaintiff may nonsuit her health care liability claim against a defendant without prejudice after the expiration of the expert report deadline, the plaintiff must do so before the defendant moves to dismiss pursuant to section 74.351(b) of the Code.
(footnote: 9)  Here, on April 21, 2006, one week after the expiration of appellant’s expert report deadline, but one week 
before
 appellant  filed her nonsuit without prejudice, appellee filed a motion to dismiss pursuant to section 74.351, seeking dismissal with prejudice and the award of attorney’s fees and costs.  On May 1, 2006, the trial court signed a dismissal without prejudice, presumably relying on appellant’s claim that her nonsuit was “being filed with the consent of Defendants.”  After a subsequent hearing on appellee’s motion, however, the trial court dismissed the case with prejudice and awarded the appellee attorney’s fees in the amount of $5,000.00.  Because the appellee’s motion to dismiss and request for attorney’s fees was filed prior to appellant’s attempted nonsuit, we hold that the trial court’s final order of dismissal with prejudice was proper.
(footnote: 10)  Issue two is overruled.

The judgment of the trial court is affirmed.

PER CURIAM

PANEL A:  CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DELIVERED:  November 1, 2007 
 

FOOTNOTES
1:
See
 Tex. R. App. P.
 47.4.

2:
These nurses were never served with appellant’s lawsuit; thus, they are not the subject of the instant appeal.

3:
Tex. Civ. Prac. & Rem. Code Ann. § 74.052
(a) (Vernon 2005) 
(
“Notice of a health care claim under Section 74.051 must be accompanied by a medical authorization in the form specified by this section.  Failure to provide this authorization along with the notice of health care claim shall abate all further proceedings against the physician or health care provider receiving the notice until 60 days following receipt by the physician or health care provider of the required authorization.”).

4:
The deadline for appellant to serve her expert report pursuant to section 74.351 of the Texas Civil Practice and Remedies Code was April 13, 2006, which is the 120th day after appellant filed her health care liability claim.  
See
 
id.
 § 74.351 (Vernon Supp. 2006).

5:
Id.
 § 74.351(b) (“If, as to a defendant physician or health care provider, an expert report has not been served within the period specified . . . the court, on the motion of the affected physician or health care provider, shall . . . enter an order that: (1) awards to the affected physician or health care provider reasonable attorney’s fees and costs . . . ; and (2) dismisses the claim with respect to the physician or health care provider, with prejudice . . . .”).

6:
Id.
 § 74.051(a) (Vernon 2005).

7:
Estate of Regis ex rel. McWashington v. Harris County Hosp. Dist.
, 208 S.W.3d 64, 69 (Tex. App.—Houston [14th Dist.] 2006, no pet.); 
Hagedorn v. Tisdale
, 73 S.W.3d 341, 347–49
 
(Tex. App.—Amarillo 2002, no pet.); 
see also Emeritus Corp. v. Highsmith, 
211 S.W.3d 321, 328–29 (Tex. App.—San Antonio 2006, pet. denied) (holding that an agreement between plaintiff and defendant to abate a health care liability claim under section 74.052 of the Code did not extend plaintiff’s expert report deadline).

8:
Hagedorn
, 73 S.W.3d at 348.

9:
Fox v. Hinderliter
, 222 S.W.3d 154, 156–59 (Tex. App.—San Antonio 2006, no pet.) (holding that a nonsuit is ineffective against a pending motion to dismiss pursuant to 
Tex. Civ. Prac. & Rem. Code Ann. § 74.351(
b)); 
Martinez v. Lakshmikanth
, 1 S.W.3d 144, 148–49 (Tex. App.—Corpus Christi 1999, pet. denied) (holding that to prevent plaintiff from nonsuiting after the expert report deadline, defendant must file motion under art. 4590i, § 13.01(e), now 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 74.351(b)).

10:
The trial court maintained plenary power over this case as of the May 15, 2006 hearing on appellee’s motion to dismiss.  
See
 
Tex. R. Civ. P. 
329b(d).  Thus, it retained power to correct its prior ruling based on the motion of appellant.  
See
 
Fox
, 222 S.W.3d at 158–59; 
Martinez
, 1 S.W.3d at 148.