**Frances B. CRITES, M.D., Petitioner,**

v.

**Linda COLLINS and Willie Collins, Respondent.**

No.  07–0315.

Supreme Court of Texas.

May 15, 2009.

Diana L. Faust, R. Brent Cooper, Devon J. Singh, Cooper & Scully, P.C., Peter H. Anderson, Chamblee & Ryan, Melissa Kay Dubose, Dallas TX, for Petitioner.

Kevin L. Wentz, Glynis L. Zavarelli, Wentz & Zavarelli, LLP, Irving TX, for Respondent.

## PER CURIAM.

■ In this health care liability lawsuit, the plaintiffs voluntarily nonsuited their claims against the defendant health care provider after failing to serve a medical expert report within the 120–day deadline required by the Medical Liability Insurance Improvement Act (MLIIA). *See* Tex. Civ. Prac. & Rem.Code § 74.351. Before the trial court entered an order of nonsuit, the defendant filed a motion for dismissal with prejudice and for attorneys' fees and costs as sanctions for noncompliance with the expert report deadline. *See id.* A month after the trial court signed the order of nonsuit, it issued an order denying the defendant's motion. The court of appeals affirmed, concluding that the filing of a notice of nonsuit precludes consideration of

a subsequent motion for statutory sanctions. 215 S.W.3d 924, 927. We hold that sanctions authorized under the MLIIA remain available following a voluntary nonsuit filed after the expert deadline. We therefore reverse the court of appeals' judgment and remand the case to that court to consider the merits of the defendant's claims.

■ Although neither party raises the issue, we must first determine whether Dr. Frances B. Crites timely filed her notice of appeal, and thus whether the court of appeals had jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex.1993). Dr. Crites filed her notice of appeal on March 24th, more than thirty days after the trial court signed the order of nonsuit, but less than thirty days after the trial court signed the order denying the motion for sanctions. Under Texas Rule of Appellate Procedure 26.1, "[t]he notice of appeal must be filed within 30 days after the judgment is signed. . . ." Tex.R.App. P. 26.1. The question here is whether the order of nonsuit or the order denying sanctions triggered the thirty day filing period. *See id.*

■ We have previously held that, when there has been no traditional trial on the merits, no presumption arises regarding the finality of a judgment. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 199–200 (Tex.2001). To determine whether an order is final, courts and parties must examine the express language of the order and whether the order actually disposes of all claims against all parties. *Id.* at 200. If neither examination indicates that the order is final, then the order is interlocutory and unappealable. *Id.* A judgment dismissing all of a plaintiff's claims against a defendant, such as an order of nonsuit, does not necessarily dispose of any cross-actions, such as a motion for sanctions, unless specifically stated within the order.

*Id.* at 199. If other claims remain in the case, "an order determining the last claim is final." *Id.* at 200.

Because there was no trial on the merits in this case, no presumption of finality arose as to the order of nonsuit. Therefore, we examine the language of the order and whether it disposed of all claims. The order of nonsuit included a typed portion, which said: "A NOTICE OF NON–SUIT HAVING BEEN RECEIVED BY THE COURT, THE ABOVE ENTITLED AND NUMBERED CAUSE IS HEREBY DISMISSED . . . ." After that language, the presiding judge redacted the remainder of the sentence and inserted, by hand, "as to Def[endant] Frances B. Crites only," without mentioning Dr. Crites's motion for sanctions.

In *Lehmann*, we found instructive, as evidence of the trial court's intent, the fact that the trial court issued an order forty-six days after he signed the summary judgment order that set the case for trial. *Id.* at 195. Likewise, it is instructive here that the trial court held a hearing on the motion for sanctions thirty-six days after signing the order of nonsuit.

The language of the order at issue does not unequivocally express an intent to dispose of all claims and all parties; instead, it specifically disposes of only the plaintiffs' claims against the defendant. *See id.* at 199. Dr. Crites had already filed a motion for sanctions at the time the trial court signed the order of nonsuit. Therefore, it remained pending when the trial court signed the order of nonsuit, and the order of nonsuit did not resolve the pending motion because it did not contain specific language denying or granting relief.

Because the order of nonsuit itself does not unequivocally express an intent for the order to be a final and appealable order, and because it does not address all pending claims, the order was not final. Only when the trial court issued its second order denying sanctions was a final order entered, and only at that point did the case become appealable. *Id.* at 200; *see also Villafani v. Trejo*, 251 S.W.3d 466, 468 (Tex.2008) (holding that "the trial court's denial of Villafani's motion for sanctions and dismissal and Trejo's nonsuit *collectively* disposed of all the claims between the two parties") (emphasis added). As a result, Dr. Crites's notice of appeal, which she filed thirty days after the order denying sanctions, was timely. We now consider the merits of the appeal.

On August 18, 2005, Linda and Willie Collins sued Dr. Crites on various health care liability theories. Section 74.351 of the Texas Civil Practice & Remedies Code required the Collinses to file a medical expert report no later than December 16, 2005, 120 days after they filed their claim. The Collinses failed to file the report by the deadline. Instead, on December 30, 2005, the Collinses voluntary nonsuited all claims against Dr. Crites. The next business day, January 3, 2006, Dr. Crites filed a motion for sanctions seeking a dismissal with prejudice, attorneys' fees, and costs as provided by Chapter 74 of the Texas Civil Practice & Remedies Code. On January 19, 2006, the trial court signed an order of nonsuit, dismissing the claims without prejudice. The trial court did not hold a hearing on sanctions until February 24, 2006, at which point the court denied the motion, indicating that the sanctions provided in Chapter 74 are not mandatory. Dr. Crites appealed the trial court order denying sanctions, and the court of appeals denied relief, reasoning that Chapter 74 allows a plaintiff to nonsuit and avoid Chapter 74 sanctions if the plaintiff nonsuits before the defendant requests them. 215 S.W.3d at 926–27.

On appeal to this Court, Dr. Crites argues that Chapter 74 sanctions are man-

datory because the Collinses failed to file an expert report within 120 days of filing suit and the court of appeals erroneously failed to consider the merits of the sanctions request. Section 74.351(b) of the Texas Civil Practice & Remedies Code states:

If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a) [120 days after the claim is filed], the court, on the motion of the affected physician or health care provider, *shall*, subject to Subsection (c) [discretionary thirty-day extension], enter an order that:

(1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and

(2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

TEX. CIV. PRAC. & REM.CODE § 74.351(b) (emphasis added). Dr. Crites contends that her entitlement to these statutory sanctions arose the moment the Collinses failed to file their expert report by the deadline.

When the Collinses filed the notice of nonsuit, Dr. Crites had not yet filed the motion for sanctions. She filed the sanctions motion in the interim between the filing of the notice of nonsuit and the trial court's ministerial task of signing the order of nonsuit. The court of appeals determined the filing of the nonsuit "took effect immediately, extinguishing the Collinses' claims the moment it was filed." 215 S.W.3d at 926. Because Dr. Crites filed her motion for sanctions after this occurred, the court of appeals determined that she "waived her entitlement to that relief." *Id.* at 927.

In *Villafani v. Trejo*, which issued after the court of appeals' opinion in this case, we considered the relationship between voluntary nonsuits, motions for dismissal with prejudice, and attorneys' fees under former Article 4590i, predecessor to Chapter 74. 251 S.W.3d at 468–70. *See* Act of May 30, 1977, 65th Leg., R. S., ch. 817, 1977 Tex. Gen. Laws 2039, *repealed by* Act of June 2, 2003, 78th Leg., R. S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884 (hereinafter Article 4590i). We noted that whether sanctions survive a nonsuit depends on the purpose of the sanction. 251 S.W.3d at 470 (citing *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex.1996)). We determined that the relief under Article 4590i is a statutory sanction intended to deter claimants from filing meritless suits. *Id.* at 470. Depending on the facts of a case, these statutory sanctions may be claims for affirmative relief, which cannot be mooted by a voluntary nonsuit. *Id.; cf. also Klein v. Dooley*, 949 S.W.2d 307, 307 (Tex.1997) (considering a voluntary nonsuit in a suit under the Deceptive Trade Practices Act); *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 840 (Tex.1990) (holding that a nonsuit cannot affect nonmovant's independent claim for affirmative relief). We held that a defendant physician can appeal a trial court order denying a motion for sanctions for failure to timely file an expert report, despite a later nonsuit by the plaintiff. *Villafani*, 251 S.W.3d at 471.

In contrast to *Villafani*, in this case, Dr. Crites's motion for sanctions was not filed until after the plaintiffs' nonsuit, which we have held is effective immediately. 251 S.W.3d at 467; *see Univ. of Tex. Med. Branch at Galveston v. Blackmon*, 195 S.W.3d 98, 100 (Tex.2006). A nonsuit does not affect a motion for sanctions *"pending* at the time of dismissal." TEX.R. CIV. P. 162 (emphasis added). Still, we have held that:

Rule 162 merely acknowledges that a nonsuit does not affect the trial court's authority to act on a pending sanctions motion; it does not purport to limit the trial court's power to act on motions filed after a nonsuit. In this case, the trial court imposed sanctions while it retained plenary jurisdiction. Nothing in Rule 162 or any previous decision of this Court deprives a trial court of this power.

*Schexnider*, 940 S.W.2d at 596. As such, the fact that Dr. Crites filed her motion for sanctions after the plaintiffs had already filed their effective-immediately nonsuit does not affect whether the trial court had the power to grant sanctions, so long as the trial court's plenary authority has not expired.

In concluding that Dr. Crites's motion for sanctions was mooted by the filing of the Collinses' nonsuit, the court of appeals also relied heavily on previous interpretations of former Article 4590i. Under that statute, a plaintiff was required to file an expert report within 180 days of filing suit or to nonsuit the claim voluntarily. TEX. REV.CIV. STAT. art. 4590i § 13.01(a) (repealed). The court of appeals noted that other courts of appeals considering the issue had determined that former Article 4590i created a " 'race to the courthouse' between the plaintiff to file a nonsuit and the defendant to file a motion [for sanctions]." 215 S.W.3d at 927 (citing *Moseley v. Behringer*, 184 S.W.3d 829, 833 (Tex. App.-Fort Worth 2006, no pet.); *Jones v. Khorsandi*, 148 S.W.3d 201, 203 (Tex.App.-Eastland 2004, pet. denied); *Martinez v. Lakshmikanth*, 1 S.W.3d 144, 148 (Tex. App.-Corpus Christi 1999, pet. denied)). Chapter 74, however, does not contain a similar provision allowing a plaintiff to choose between voluntarily nonsuiting and filing an expert report by the deadline. The Legislature removed the reference to the option of filing a nonsuit, yet the stat-

ute continues to provide mandatory sanctions if a plaintiff fails to file an expert report by the statutory deadline. *See* TEX. CIV. PRAC. & REM.CODE § 74.351; *see also Ogletree v. Matthews*, 262 S.W.3d 316, 319–20 (Tex.2007) (observing that trial courts have no discretion to deny a request for dismissal with prejudice under section 74.351).

Although the court of appeals recognized that section 74.351 differs textually from former Article 4590i, the court determined that a plaintiff's ability to nonsuit pursuant to Texas Rule of Civil Procedure 162 renders a motion to dismiss and for sanctions under 4590i a nullity because rule 162 allows a plaintiff to nonsuit a case at any time before the plaintiff has introduced all but rebuttal evidence. 215 S.W.3d at 926 n. 1; TEX.R. CIV. P. 162. Our holding and rationale in *Villafani* makes clear, however, that a motion for sanctions under either Article 4590i or Chapter 74 survives a nonsuit, regardless of whether the movant brings the motion before or after the nonsuit, provided the motion is filed within the trial court's plenary jurisdiction. In *Villafani*, we reaffirmed that " '[r]ule 162 merely acknowledges that a nonsuit does not affect . . . a pending sanctions motion; it does not purport to limit the trial court's power to act.' " 251 S.W.3d at 469 (quoting *Schexnider*, 940 S.W.2d at 596).

For these reasons, we hold that the court of appeals erroneously determined that the Collinses' notice of nonsuit prevented Dr. Crites from seeking sanctions under Chapter 74. Because the court of appeals did not consider the merits of Dr. Crites's sanctions motion, we grant the petition for review, reverse the judgment of the court of appeals, and remand this case to that court for further proceedings

consistent with this opinion. *See* TEX. R.APP. P. 59.1, 60.2(f).