In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00019-CV**

_____

**IN RE BARNETT & GARCIA, PLLC, LAWRENCE FALLI, AND TRI ED DISTRIBUTION, INC.**

**Original Proceeding**

**MEMORANDUM OPINION**

Barnett & Garcia, PLLC, Lawrence Falli, and Tri Ed Distribution, Inc. filed a petition for writ of mandamus seeking to compel the judge of the County Court at Law No. 1 of Jefferson County, Texas, to withdraw orders that relators contend were made after the trial court lost plenary power over the case.

After careful review of the petition and the mandamus record, we conclude relators are not entitled to mandamus relief. The real parties in interest, Wave Solutions, LLC and Brandon Luquette, filed a motion for sanctions before the trial court signed an order of dismissal. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d

1

860, 863 (Tex. 2010) ("After a nonsuit, a trial court retains jurisdiction to address collateral matters, such as motions for sanctions, even when such motions are filed after the nonsuit, as well as jurisdiction over any remaining counterclaims."); *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996) (holding that a trial court has authority to decide a motion for sanctions while it retains plenary power, even after a nonsuit is taken). The order of dismissal, which stated that the cause was dismissed on the plaintiff's notice of non-suit without mentioning the opposing party's motion for sanctions, did not dispose of the motion for sanctions. *See Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 95-96 (Tex. 2009); *Crites v. Collins*, 284 S.W.3d 839, 840 (Tex. 2009). Relators have not shown that the trial court signed orders in the case after the expiration of its plenary power. Accordingly, we deny the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on January 21, 2015
Opinion Delivered January 22, 2015

Before McKeithen, C.J., Kreger and Horton, JJ.

2