

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00329-CV

AERO AT SP. Z O.O.                                                 APPELLANT

V.

DENNIS GARTMAN AND JERRY K.                                        APPELLEES
BAKER

----------

### FROM THE 271ST DISTRICT COURT OF WISE COUNTY
### TRIAL COURT NO. CV12-04-234

----------

## MEMORANDUM OPINION[1]

----------

Appellant Aero AT Sp. z o.o. attempts to appeal from the trial court's default judgments in favor of Appellees Dennis Gartman and Jerry K. Baker. But at least one other party remains in the case pending in the trial court. Accordingly, on October, 28, 2014, and February 6, 2015, this court notified

---

[1]See Tex. R. App. P. 47.4.

Appellant of our concern that we lack jurisdiction over this appeal because the orders do not appear to be final or appealable interlocutory orders.[2] We informed Appellant that the appeal would be subject to dismissal unless Appellant or any party filed a response showing grounds for continuing the appeal.

In its responses, Appellant acknowledges that "claims against GOBOSH LSA, LLC remain pending in the trial court" but contends that the appealed default judgments are final under *Lehmann* because each contains the following sentence, "This judgment finally disposes of all claims and all parties, and is appealable."[3] However, Appellant takes that sentence out of context. Each judgment that Appellant attempts to appeal is specifically tailored to one defendant and one plaintiff by title: "JUDGMENT AGAINST DEFENDANT AERO AT SP. Z.O.O. FOR PLAINTIFF DENNIS GARTMAN" and "JUDGMENT AGAINST DEFENDANT AERO AT SP. Z.O.O. FOR PLAINTIFF JERRY K. BAKER." Thus, these judgments do not contain "clear and unequivocal" language "that expressly disposes of the entire case."[4]

---

[2] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (West 2015) (listing types of appealable interlocutory orders); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (stating that generally an appeal may be taken only from a final judgment and that a judgment is final and appealable if it disposes of all parties and all issues or unequivocally expresses an intent for the judgment to be final and appealable).

[3] *See Lehmann*, 39 S.W.3d at 205–06.

[4] *Id.* at 206; *see Crites v. Collins*, 284 S.W.3d 839, 841 (Tex. 2009).

Accordingly, because an interlocutory default judgment is not appealable,[5] and the trial court has not yet disposed of at least one remaining party to the lawsuit, we dismiss this appeal for want of jurisdiction.[6]  We dismiss as moot Appellant's pending motion for an extension of time to file its notice of appeal.

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  March 5, 2015

---

[5]*See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a); *Jones v. Plainscapital Bank*, No. 02-12-00272-CV, 2012 WL 4121136, at *1 (Tex. App.—Fort Worth Sept. 20, 2012, no pet.) (mem. op.).

[6]*See* Tex. R. App. P. 42.3(a), 43.2(f).