ACCEPTED
03-15-00763-CV
8388101
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/29/2015 10:37:52 AM
JEFFREY D. KYLE
CLERK

### NO. 03-15-00763-CV

| | | |
|---|---|---|
| TWIN CREEKS GOLF GROUP, L.P. | § | IN THE THIRD DISTRICT |
| Appellant | § | |
| | § | |
| v. | § | COURT OF APPEALS |
| | § | |
| SUNSET RIDGE OWNERS | § | |
| ASSOCIATION, INC. | § | |
| Appellee, | § | AUSTIN, TEXAS |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/29/2015 10:37:52 AM
JEFFREY D. KYLE
Clerk

## APPELLANT'S, TWIN CREEKS GOLF GROUP, MOTION TO DISMISS FOR LACK OF JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

Appellant, Twin Creeks Golf Group, L.P., asks the Court to dismiss this appeal, and remand this case to the trial court.

### INTRODUCTION

1. Appellant is Twin Creeks Golf Group, L.P., ("TCGG"). Appellee is the Sunset Ridge Owners Association, Inc.

2. The 98th District Court for Travis County, Texas signed the Order on Plaintiff's Traditional Motion for Partial Summary Judgment on November 2, 2015 (the "Order") in the underlying case, *Sunset Ridge Owners Association, Inc. v. Twin Creeks Property, Ltd., Twin Creeks Operating Company, L.P., and Twin Creeks Golf Group, L.P.*, Cause No. D-1-GN-15-002549, in favor of Appellee and against TCGG. The Order was not final and appealable at that time because it did

Appellant's, Twin Creeks Golf Group, L.P., Motion to Dismiss for Lack of Jurisdiction          1

not dispose of all parties and did not dispose of all causes of action. Appellee takes the position that the Order became final and appealable upon the filing of Plaintiff's Second Amended Original Petition for Declaratory Judgment on November 4, 2015. But Plaintiff's Second Amended Original Petition for Declaratory Judgment named two other defendants, Twin Creeks Property, Ltd., and Twin Creeks Golf Group, L.P., who were not the subject of the Order and who have not been subsequently disposed of. Therefore, the Order does not dispose of all parties. TCGG filed its Notice of Appeal to protect its rights to appeal, given the Appellee's position, but expressly did not waive its right to contest the finality and appealability of the Order.

## FACTUAL BACKGROUND

3. In Appellee's Amended Original Petition for Declaratory Judgment, Plaintiff named three defendants: 1) Twin Creeks Property, Ltd., 2) Twin Creeks Operating Company, L.P., and 3) TCGG. (CR 25). Against each of the three defendants, Plaintiff asserted two causes of action: 1) monopoly; and 2) declaratory judgment. (CR 28). That same day, August 19, 2105, Appellee filed its Plaintiff's Traditional Motion for Partial Summary Judgment ("Plaintiff's Motion") against only one of the parties, TCGG. (CR 31). Plaintiff's Motion also only addressed one of its causes of action, declaratory judgment. (CR 31-36). On September 28, 2015, Appellee filed a notice of nonsuit, without prejudice to refiling, as to two

parties, Twin Creeks Property, Ltd., and Twin Creeks Operating Company, L.P. (CR 251-252). On November 2, 2015 the trial court signed the Order granting Plaintiff's motion and disposing of only one cause of action (declaratory judgment) as to TCGG. (CR 253-254). The Order did not dispose of the cause of action for monopoly. (CR 253-254). The Order does not contain any language that it disposes of all parties and claims and does not contain any language that it is a final appealable order. (CR 253-254).

4. On November 4, 2015, Appellee filed its Plaintiff's Second Amended Original Petition for Declaratory Judgment ("Second Amended Petition"). (CR 256). In its Second Amended Petition, Plaintiff renamed Twin Creeks Property, Ltd., and Twin Creeks Operating Company, L.P. as defendants.[1] (CR 256-259). The Second amended Petition only contained one cause of action, declaratory judgment. (CR 259). On November 17, 2015, TCGG filed a plea in abatement. (CR 261 – 292). When counsel for TCGG contacted counsel for Appellee about setting a hearing on TCGG's Plea in Abatement, Counsel for Appellee informed counsel for TCGG that it was Appellee's position that the Order had become a final appealable judgment upon Appellee's filing of its Second Amended Petition.[2]

---

[1] Both Twin Creeks Property, Ltd., and Twin Creeks Operating Company are named in the caption of the Second Amended Petition, in the introductory paragraph, and in the paragraphs naming the parties. (CR 256). Twin Creeks Property, Ltd., is also named in paragraph 4.2. (CR 257). In the prayer, Appellee asks for judgment against the "Defendants." (CR 259).

[2] The facts in this sentence are within the personal knowledge of the attorney signing this motion. TEX. R. APP. P. 10.2.

Appellant's, Twin Creeks Golf Group, L.P., Motion to Dismiss for Lack of Jurisdiction 3

On subsequent communications between counsel, Appellee continued to maintain the Order had become a final appealable judgment upon Appellee's filing of its Second Amended Petition.[3]  Unable to persuade Appellee to change its position, on December 4, 2015, TCGG filed its Notice of Appeal. (CR 293-294).

## ARGUMENT AND AUTHORITIES

5.  Generally, a court of appeals only has jurisdiction to hear appeals of a final judgment of a district court or of certain specified interlocutory orders. TEX. CIV. PRAC. & REM. CODE §§ 51.012 and 51.014(a).  A judgment is final if it disposes of all parties and all claims. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-193, 195, 200 (Tex. 2001).  At no time has the Order at issue in this case disposed of all parties and causes of action.  The Order does not contain any language that it disposes of all parties and claims and does not contain any language that it is a final appealable order. (CR 253-254).  At the time the Order was signed, it did not dispose of the cause of action for monopoly against TCGG, and was, therefore, an interlocutory order. (CR 253-254).  Upon filing of Appellee's Second Amended Petition, the cause of action for monopoly was eliminated, but two new defendants were named. (CR 256-259).  If Appellee had not named the two new parties, the Order may have disposed of all issues and parties upon filing of the Second Amended Petition.  But because it named new parties who were not disposed of in

---

[3] The facts in this sentence are within the personal knowledge of the attorney signing this motion. TEX. R. APP. P. 10.2

Appellant's, Twin Creeks Golf Group, L.P., Motion to Dismiss for Lack of Jurisdiction          4

the Order, the Order did not become final upon filing of the Second Amended Petition. *Lehmann*, 39 S.W.3d at 200; See Crites v. Collins, 284 S.W.3d 839, 840-841 (Tex. 2009). Therefore, the Order did not become final upon filing of the Second Amended Petition, but remained an interlocutory order.

6. Appeal of an interlocutory order granting declaratory judgment is not among the types of interlocutory orders that a court of appeals has jurisdiction to hear. TEX. CIV. PRAC. & REM. CODE § 51.014(a).

7. Because the Order is not final and is not an interlocutory order of a type that a court of appeals has jurisdiction to hear, this Court lacks jurisdiction to hear an appeal of the Order. This Court should dismiss this appeal and remand this case to the trial court.

## PRAYER

8. For these reasons, TCGG asks the Court to grant this motion, dismiss this appeal for lack of jurisdiction, remand this case to the trial court, and grant TCGG all other relief to which it may be entitled.

Respectfully submitted,

SNEED, VINE & PERRY, P.C.
900 Congress Avenue
Suite 300
Austin, Texas 78701
512-476-6955 (Telephone)
512-476-1825 (Facsimile)


By: ___/s/_Allen Halbrook_____
Allen Halbrook
State Bar No. 08721300
ahalbrook@sneedvine.com
ATTORNEYS FOR APPELLANT,
TWIN CREEKS GOLF GROUP. L.P.

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with Noel L. Stout by telephone on December 22, 2015, about the merits of Appellant's, Twin Creeks Golf Group, L.P., Motion to Dismiss for Lack of Jurisdiction. Appellee, Sunset Ridge Owners Association, Inc., is opposed to the motion.

_____/s/ Allen Halbrook_____
Allen Halbrook

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document has been served by e-mail and by certified mail, return receipt requested, as set out below on this 29th day of December, 2015.

Noel L. Stout
Almanza, Blackburn & Dickie, LLP
2301 S. Capital of Texas Highway, Building H
Austin, Texas 78746
nstout@abdlawfirm.com.

_____/s/_Allen Halbrook_____
Allen Halbrook