NO. 07-10-00253-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 12, 2010

EVANSTON INSURANCE COMPANY, APPELLANT

v.

D & L MASONRY OF LUBBOCK, INC., APPELLEE

FROM THE COUNTY COURT AT LAW NO 3 OF LUBBOCK COUNTY;

NO. 2009-564,144; HONORABLE JUDY A. PARKER, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Evanston Insurance Company, appeals the trial court's entry of partial summary judgment in favor of appellee, D&L Masonry of Lubbock, Inc. By its order, the trial court found that D&L's insurance policy covered their claim and that Evanston breached the insurance contract with D&L by denying the claim. The trial court awarded D&L $58,113 as liquidated damages suffered by D&L, and also awarded D&L $12,318.33 as reasonable and necessary attorney's fees. From this order, Evanston filed notice of appeal.

A review of D&L's live pleading reveals that D&L asserted four separate claims by its suit against Evanston: (1) breach of contract, (2) unfair settlement practices, (3) acts and omissions under Texas Insurance Code section 541.151, and (4) breach of the common law duty of good faith and fair dealing. The trial court's summary judgment order only addresses D&L's claim of breach of contract. However, approximately one month after the trial court entered its order, D&L filed a "Partial Notice of Non-Suit Without Prejudice," wherein D&L sought the dismissal of its remaining claims. The record does not reflect that the trial court took any action on D&L's non-suit notice. Following D&L's non-suit filing, Evanston filed its notice of appeal. In its notice, Evanston concedes that the trial court's summary judgment order was interlocutory when entered, but contends that it became final on June 18, 2010, when D&L filed its notice of non-suit of all claims other than the breach of contract claim.

We are required to review *sua sponte* issues affecting jurisdiction. M.O. Dental Lab. v. Rape, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). Unless a statute specifically authorizes an interlocutory appeal, appellate courts have jurisdiction over final judgments only. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). When there has not been a conventional trial on the merits, there is no presumption of finality of a judgment. Crites v. Collins, 284 S.W.3d 839, 840 (Tex. 2009). "[I]f the record reveals the existence of parties or claims not mentioned in the order, the order is not final." Lehmann, 39 S.W.3d at 206.

While a trial court generally has no discretion to refuse to dismiss claims that have been non-suited by their proponent and its order doing so is ministerial, see Univ.

2

of Tex. Med. Branch at Galveston v. Estate of Blackmon, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam), "[a]ppellate timetables do not run from the date a non[-]suit is filed, but rather from the date the trial court signs an order of dismissal," In re Bennett, 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding).  Because the trial court has not signed an order dismissing D&L's non-suited claims, the record does not contain a final, appealable judgment.  See id.; Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995) ("The appellate timetable does not commence to run other than by a signed, written order, even when the signing of such an order is purely ministerial.").

Because the trial court has not ruled on D&L's claims other than its breach of contract claim and nothing in its summary judgment order evinces the trial court's intent to dispose of these claims, Evanston's notice of appeal is premature.  See Lehmann, 39 S.W.3d at 195.  Additionally, the record reflects that all parties to the current suit were aware that the trial court's summary judgment order was interlocutory and that the dismissal or final resolution of D&L's remaining claims would have to occur before the summary judgment order would be appealable.  Because the trial court has not signed an order dismissing D&L's non-suited claims, there is no final, appealable order in the record, and this Court is without jurisdiction and has no authority to do anything other than to dismiss the appeal.[1]

---

[1] We are aware that Texas Rule of Appellate Procedure 27.2 and Lehmann authorize appellate courts to abate the appeal and remand the case to the trial court for modification of the order or clarification of the trial court's intent to enter a final judgment.  However, such procedure is available only when the appellate court is "uncertain" whether the trial court intended to enter a final judgment.  Lehmann, 39 S.W.3d at 206.  In the present case, the trial court's complete failure to address D&L's claims other than the breach of contract claim make it clear that the trial court did not

Accordingly, this appeal is dismissed for want of jurisdiction.


                                        Mackey K. Hancock
                                             Justice

_____

intend to enter a final appealable order.  While some of our sister courts have employed the abatement and remand procedure in circumstances like the one present in the present appeal, we are in complete agreement with Chief Justice Gray in his dissent in Mullins v. Ortiz, No. 10-08-00225-CV, 2009 Tex.App. LEXIS 3578 (Tex.App.—Waco April 29, 2009) (Gray, C.J., dissenting).