NO. 07-10-00253-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
12, 2010

 



 

EVANSTON INSURANCE COMPANY, APPELLANT

 

v.

 

D & L MASONRY OF LUBBOCK, INC., APPELLEE 



 



 

 FROM THE COUNTY COURT AT LAW NO 3
OF LUBBOCK COUNTY;

 

NO. 2009-564,144; HONORABLE JUDY A. PARKER, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Evanston Insurance
Company, appeals the trial court’s entry of partial summary judgment in favor
of appellee, D&L Masonry of Lubbock, Inc.  By its order, the trial court found that
D&L’s insurance policy covered their claim and that Evanston breached the
insurance contract with D&L by denying the claim.  The trial court awarded D&L $58,113 as
liquidated damages suffered by D&L, and also awarded D&L $12,318.33 as
reasonable and necessary attorney’s fees. 
From this order, Evanston filed notice of appeal.

            A
review of D&L’s live pleading reveals that D&L asserted four separate
claims by its suit against Evanston: (1) breach of contract, (2) unfair
settlement practices, (3) acts and omissions under Texas Insurance Code section
541.151, and (4) breach of the common law duty of good faith and fair
dealing.  The trial court’s summary judgment
order only addresses D&L’s claim of breach of contract.  However, approximately one month after the
trial court entered its order, D&L filed a “Partial Notice of Non-Suit Without Prejudice,” wherein D&L sought the dismissal of
its remaining claims.  The record does
not reflect that the trial court took any action on D&L’s non-suit
notice.  Following D&L’s non-suit
filing, Evanston filed its notice of appeal. 
In its notice, Evanston concedes that the trial court’s summary judgment
order was interlocutory when entered, but contends that it became final on June
18, 2010, when D&L filed its notice of non-suit of all claims other than
the breach of contract claim.  

            We
are required to review sua sponte issues
affecting jurisdiction.  M.O. Dental Lab. v. Rape, 139 S.W.3d 671, 673 (Tex. 2004) (per
curiam). 
Unless a statute specifically authorizes an interlocutory appeal,
appellate courts have jurisdiction over final judgments only.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  When there has not been a conventional trial
on the merits, there is no presumption of finality of a judgment.  Crites v. Collins,
284 S.W.3d 839, 840 (Tex. 2009). 
"[I]f the record reveals the existence of parties or claims not
mentioned in the order, the order is not final."  Lehmann,
39 S.W.3d at 206.

            While
a trial court generally has no discretion to refuse to dismiss claims that have
been non-suited by their proponent and its order doing so is ministerial, see
Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon, 195 S.W.3d
98, 100 (Tex. 2006) (per curiam), “[a]ppellate timetables do not run from the date a non[-]suit
is filed, but rather from the date the trial court signs an order of
dismissal,” In re Bennett, 960 S.W.2d 35, 38 (Tex. 1997) (orig.
proceeding).  Because the trial court has
not signed an order dismissing D&L’s non-suited claims, the record does not
contain a final, appealable judgment.  See
id.; Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995)
(“The appellate timetable does not commence to run other than by a signed,
written order, even when the signing of such an order is purely
ministerial.”).  

            Because
the trial court has not ruled on D&L’s claims other than its breach of
contract claim and nothing in its summary judgment order evinces the trial
court’s intent to dispose of these claims, Evanston’s notice of appeal is
premature.  See Lehmann, 39 S.W.3d at 195. 
Additionally, the record reflects that all parties to the current suit
were aware that the trial court’s summary judgment order was interlocutory and
that the dismissal or final resolution of D&L’s remaining claims would have
to occur before the summary judgment order would be appealable.  Because the trial court has not signed an
order dismissing D&L’s non-suited claims, there is no final, appealable
order in the record, and this Court is without jurisdiction and has no
authority to do anything other than to dismiss the appeal.[1]

            Accordingly,
this appeal is dismissed for want of jurisdiction.

            

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 











[1] We are aware that
Texas Rule of Appellate Procedure 27.2 and Lehmann authorize appellate
courts to abate the appeal and remand the case to the trial court for
modification of the order or clarification of the trial court’s intent to enter
a final judgment.  However, such
procedure is available only when the appellate court is “uncertain” whether the
trial court intended to enter a final judgment. 
Lehmann, 39 S.W.3d at 206.  In the present case, the trial court’s
complete failure to address D&L’s claims other than the breach of contract
claim make it clear that the trial court did not intend to enter a final
appealable order.  While some of our
sister courts have employed the abatement and remand procedure in circumstances
like the one present in the present appeal, we are in complete agreement with Chief
Justice Gray in his dissent in Mullins v. Ortiz, No. 10-08-00225-CV,
2009 Tex.App. LEXIS 3578 (Tex.App.—Waco April 29, 2009) (Gray, C.J., dissenting).