**Motion for Rehearing Overruled; Memorandum Opinion of September 13, 2012 Withdrawn; Dismissed and Substitute Memorandum Opinion filed October 11, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00891-CV

## SOLUM ENGINEERING, INC., Appellant

## V.

## MARTHA M.J. STARICH AKA MARIE J. STARICH AND LORI A. HOOD, Appellees

**On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2011-35151**

## S U B S T I T U T E   M E M O R A N D U M   O P I N I O N

We overrule the motion for rehearing; we withdraw our memorandum opinion dated September 13, 2012, and issue the following substitute memorandum opinion.

Appellant Solum Engineering, Inc. sued appellees Martha Starich and Lori Hood in Fort Bend County. In nine issues, Solum complains on appeal about the Fort Bend County trial court's order transferring the suit to Harris County and various orders

entered by the trial court in Harris County. Because the trial court has not signed a final judgment, we dismiss this appeal.

## BACKGROUND

Solum sued Starich and Hood in Fort Bend County. On April 27, 2011, Hood noticed a hearing for June 3 on her motion to transfer venue to Harris County. On June 3, the 434th District Court in Fort Bend County transferred the suit to Harris County. Solum did not pay the filing fee in Harris County.[1] Hood filed a motion for summary judgment and motion for sanctions on August 1. Starich filed a motion to dismiss on August 15, arguing that the suit should be dismissed because of Solum's failure to pay the filing fee required by Texas Rule of Civil Procedure 89. Two days later, Solum moved for dismissal without prejudice of all of its claims against both defendants.[2] The trial court granted Solum's motion to dismiss on August 19.

Three days later, Hood filed a motion to reinstate the cause "for the purpose of hearing Hood's Motion for Sanctions." Solum filed a response, contending that the motion for sanctions was not "pending" because Solum did not pay the Rule 89 filing fee for the transfer to Harris County. The trial court signed an order reinstating the case on September 20 "for the purpose of hearing and ruling on . . . Hood's Motion for Sanctions and other pending matters."

---

[1] Texas Rule of Civil Procedure 89 states in part:

> After the cause has been transferred, as above provided for the clerk of the court to which the cause has been transferred shall mail notification to the plaintiff or his attorney that transfer of the cause has been completed, that the filing fee in the proper court is due and payable within thirty days from the mailing of such notification, and that the case may be dismissed if the filing fee is not timely paid; and if such filing fee is timely paid, the cause will be subject to trial at the expiration of thirty days after the mailing of notification to the parties or their attorneys by the clerk that the papers have been filed in the court to which the cause has been transferred; and if the filing fee is not timely paid, any court of the transferee county to which the case might have been assigned, upon its own motion or the motion of a party, may dismiss the cause without prejudice to the refiling of same.

Tex. R. Civ. P. 89.

[2] Solum did not mention Rule 89 or its failure to pay the filing fee.

2

Solum filed a notice of appeal on October 3, stating its "desire[] to appeal from the appealable order reinstating this case signed by this court on September 20, 2011." The trial court held a hearing on Hood's motion for sanctions on October 7, but the record contains no ruling on the motion. The trial court notified the parties on November 8 that the case would have a disposition deadline of April 23, 2012.

## ANALYSIS

In nine issues, Solum complains about the 434th District Court's order transferring the case to Harris County, the 61st District Court's order reinstating the case, the validity of Hood's summary judgment and sanctions motion, and the trial court's notice of disposition deadline.[3] In particular, Solum contends that its failure to pay the filing fee required by Texas Rule of Civil Procedure 89 prevented the case from being assigned and docketed in Harris County; therefore, Solum alleges all subsequent trial court orders were void. Hood contends among other things that we should dismiss the appeal because there is no final judgment disposing of all claims and parties from which Solum may appeal.[4]

"[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment. A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out

---

[3] Solum's issues are: (1) "Whether the Fort Bend County trial court's order of June 3, 2011, transferring venue of this case to Harris County, is void, because the court held its transfer of venue hearing without giving the 45-day notice required by TRCP 87;" (2) "Whether, under TRCP 89, this transfer of venue case was never assigned and placed on the docket of the 61st District Court, because the filing fee had not been paid;" (3) "Whether TRCP 89 precluded the docketing of Appellee Hood's motions in the 61st District Court, absent payment of the filing fee;" (4) "Whether, after ordering dismissal of a case, on its own motion or motion of a party, TRCP 89 precludes the dismissing district court from reinstating a transfer of venue case, except on Plaintiff's motion in order to pay the filing fee;" (5) "Whether TRCP 89 required the Harris County District Clerk to notice all parties that the filing fee had been paid and the case was subject to trial, before the 61st District Court could act on Appellee Hood's motions;" (6) "Whether the trial court erred in reinstating this case on September 20, 2011, because its plenary power had expired on September 18, 2011;" (7) "Whether Appellee Hood's Motion for Summary Judgment and Motion for Sanctions was invalid for lack of a valid affidavit;" (8) "Whether TRCP 89 precluded the trial court from granting sanctions and attorneys [sic] fees, because the filing fee had not been paid;" (9) "Whether the 61st District Court's Notice of Disposition Deadline of November 8, 2011 is void for failure to state grounds for dismissal."

[4] Starich did not file a brief on appeal.

3

the decree." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). To determine if an order is final, we "must examine the express language of the order and whether the order actually disposes of all claims against all parties." *Crites v. Collins*, 284 S.W.3d 839, 840 (Tex. 2009).

Hood correctly notes that the trial court has not signed a final judgment in this case. Hood filed a motion for sanctions before the trial court dismissed and then reinstated the case. The trial court's dismissal order did not specifically address Hood's previously filed motion for sanctions. "A judgment dismissing all of a plaintiff's claims against a defendant, such as an order of nonsuit, does not necessarily dispose of any cross-actions, such as a motion for sanctions, unless specifically stated within the order." *Id.* Further, an "order reinstating a case after its dismissal is inherently, and beyond question, interlocutory." *Johnson Radiological Grp. v. Medina*, 566 S.W.2d 117, 118 (Tex. Civ. App.—Houston [14th Dist.] 1978, writ dism'd) (dismissing appeal). And usually an "appeal does not immediately lie from a trial court order transferring venue." *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 15.064(a) (Vernon 2002).

Solum suggests that all actions taken by the 61st District Court are a nullity because "[t]here is no 'trial court' in Harris County under TRCP 89."[5] Regardless of whether Solum ultimately prevails with this argument, it is immaterial for purposes of determining whether the trial court signed a final judgment from which Solum may appeal. We lack jurisdiction by appeal to review a trial court's interlocutory orders even if such orders are void. *See Young v. Villegas*, 231 S.W.3d 1, 6 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

Hood filed a motion for sanctions before the trial court dismissed Solum's claims

---

[5] Solum argues that the case was never assigned and placed on the docket in Harris County because Solum declined to pay the filing fee required by Rule 89. Solum relies on the Texas Attorney General's opinion: "If the filing fee is not paid, any district court 'to which the case might have been assigned' may dismiss the cause. This last phrase, contained in rule 89, we believe, implies that the case is not 'assigned,' that is, placed on the docket of a particular court, before the filing fee is paid." Tex. Att'y Gen. Op. No. JM-216 (1984).

4

against Hood and Starich.  The trial court reinstated the case for purposes of ruling on the sanctions motion, and the court held a hearing on the sanctions motion without signing a judgment disposing of the motion.  The trial court has not signed a final judgment.  *See Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 96–97 (Tex. 2009); *Crites*, 284 S.W.3d at 840.

## CONCLUSION

Having concluded that the trial court did not sign a final judgment from which an appeal may be taken, we dismiss this appeal.

/s/     William J. Boyce
        Justice

Panel consists of Justices Boyce, Christopher, and Jamison.