NO. 07-10-00156-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 23, 2010

GLENDA ALFORD AND ALFRED MILLER, APPELLANTS

v.

PAUL W. DUBOSE AND GLENNA DUBOSE, APPELLEES

FROM THE 87TH DISTRICT COURT OF FREESTONE COUNTY;

NO. 08-140-B; HONORABLE DEBORAH OAKES EVANS, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellants, Glenda Alford and Alfred Miller (Alford), appeal the granting of a partial summary judgment in favor of appellees, Paul Dubose and Glenna Dubose (Dubose). In ruling upon Dubose's motion for summary judgment, the trial court declared that the description for the parcel of land in question was so insufficient as to render the contract unenforceable. Alford attempts to appeal from this ruling.

Factual and Procedural Background

Dubose is the successor in interest to Eric Miller. On April 11, 2005, Eric entered into an agreement with Glenda Ann Alford. The agreement was signed by Glenda on

April 13, 2005. The agreement was subsequently filed of record in Freestone County, Texas, on October 27, 2005. Contained within the agreement were provisions that Glenda would provide services to Eric in the form of development of a certain parcel of land for ranching purposes, and, in return for this work, Eric would deed to Glenda a tract out of the original parcel as her property. The original agreement contained the following description of the property to be deeded:

> a rectangular lot encompassing F.M. 934 frontage, the existing driveway (granting easement to Mr. Miller for access, to remaining 79.35[1] acres), and the area surrounding the doublewide mobile home including the structure itself and excluding the well.

As attached to the record before the trial court, this portion of the agreement has lines in the form of an X drawn through it.

On May 4, 2005, Eric signed a limited power of attorney in favor of Al Miller[2] for the purpose developing for ranching 60.5 acres of land in Freestone County and purchase of land for Eric Miller. After the execution of the limited power of attorney, Al entered into a contract with Glenda dated July 1, 2005, and filed of record November 21, 2005, that appeared to restate the terms of the original contract but did not contain the marked out provision regarding the description of the property alleged to be transferred. The limited power of attorney was filed of record June 16, 2005 in the records of Freestone County. Subsequently, Eric Miller executed a revocation of the limited power of attorney referenced above. The revocation was dated October 4, 2005,

---

[1] The agreement has been altered by erasure to reflect 79.35 acres and this change was initialed EM.

[2] Al Miller is no relation to Eric Miller and, according to the record, is the "boyfriend of Glenna."

but the acknowledgement was dated November 4, 2005. It was filed of record on November 7, 2005.

Ultimately, differences arose between the parties to the contract. Eric eventually sold the property which is the subject of the dispute by warranty deed to George Robinson, Trustee. Robinson then filed the original suit asking, among other things, that the contract between Eric and Glenda be declared unenforceable.[3] Alford filed an answer and an original and amended cross-action.

At the time the trial court granted the partial summary judgment in favor of Dubose, Dubose had the following causes of action pending: 1) breach of contract; 2) conversion; 3) cloud on the title to the property in question; 4) breach of fiduciary duty; and 5) forcible entry and detainer. As a result, Dubose requested an accounting for funds collected by Alford and damages to the real property suffered as a result of Alford's actions.

The record reveals that when the trial court granted the partial summary judgment, Alford's amended cross-action had a number of different claims that revolved around the contract held to be unenforceable. However, Alford also had a claim against Dubose for unjust enrichment that does not appear to be addressed in the summary judgment.

---

[3] The original petition was styled in the name of George Robinson, Trustee. There was no indication for whom Robinson was acting. Such was the style of the original motion for summary judgment. However, at some point in time, the real parties in interest, Dubose, the appellees herein, were identified as the plaintiffs for the amended motion for summary judgment. Appellants have not challenged the appellees' designation as plaintiffs and, therefore, we will treat Dubose as the real parties in interest for all purposes of this appeal.

Analysis

We are required to review *sua sponte* issues affecting jurisdiction. <u>M.O. Dental Lab. v. Rape</u>, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). Unless a statute specifically authorizes an interlocutory appeal, appellate courts have jurisdiction over final judgments only. <u>Lehmann v. Har-Con Corp.</u>, 39 S.W.3d 191, 195 (Tex. 2001). When there has not been a conventional trial on the merits, there is no presumption of finality of a judgment. <u>Crites v. Collins</u>, 284 S.W.3d 839, 840 (Tex. 2009). "[I]f the record reveals the existence of parties or claims not mentioned in the order, the order is not final." <u>Lehmann</u>, 39 S.W.3d at 206.

The record before this Court demonstrates that there are a number of causes of action upon which the trial court has yet to rule. The purported appeal does not fall into one of the statutorily permissible interlocutory appeals. <u>See</u> TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon 2008). Likewise, the record also demonstrates that there has been no effort to sever the issues adjudicated by the trial court's partial summary judgment.

Because the trial court has not ruled on Dubose's claims remaining after disposal of the claim that the vague description of the subject property rendered the contract unenforceable and because there are issues regarding Alford's unjust enrichment claim that have yet to be disposed of, this appeal is premature. <u>See</u> <u>Lehmann</u>, 39 S.W.3d at 195. Therefore, this court is without jurisdiction to hear the purported appeal of Alford.

4

Conclusion

Accordingly, this appeal is dismissed for want of jurisdiction.


                                    Mackey K. Hancock
                                            Justice