FILED

*August 13, 2015*

Third Court of Appeals
Jeffrey D. Kyle
Clerk

## CAUSE NO: 03-14-00665-CV

| | | |
|---|---|---|
| **DRAKE** | § | **THIRD COURT OF APPEALS** |
| | § | |
| *Appellant* | § | |
| | § | |
| **VS** | § | |
| | § | |
| | § | |
| **KASTL ET AL** | § | **AUSTIN, TEXAS** |

*Defendants*

### APPELLANT'S RESPONSE TO THE COURTS INQUIRY REGARDING JURISDICTION



RECEIVED
AUG 1 3 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

TO HONORABLE SAID JUSTICES:

COMES NOW, Appellant, Eric Drake and respectfully respond to the Courts questioning jurisdiction in the above cause of action.

1. The above cause of action has been on the record for more than a year, and the Court now questions its jurisdiction to hear the case. Appellant wonder if a "judge" of this Court is attempting to assist the Assistant Attorney General because Chapter 11 of the Texas Civ. Prac. & Rem. Code Ann §11.101(c), answers that question. *Restrepo v. Riggers*, Ct. Appeals, 2015 [8th Dist.]. Tex.Appeal Lexis 2101.

2. This is the reason why oral arguments **_are_** necessary, to answer questions like this and other questions before any rulings are made for or against the Appellant. If the Court is saying it don't need oral arguments and asks questions about jurisdiction—the Court needs to have oral arguments.

1

3. Moreover, the Appellant filed a motion for nonsuit. It was signed on August 14, 2014. Under the Tex. Civ. Prac. & Rem. Code Ann. § 11.101(c) (2002 & Supp. 2014), a pre-filing order is appealable under Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (2015).

4. Additionally, Appellant filed a mandamus in this Court and the Court denied the mandamus. *See* Exhibit **A**. If the Court is saying there is no adequate remedy by appeal, then mandamus was proper and the Appellant believes that the Court's action of dismissal was on account of Drake's race: black. If this Court dismisses the above appeal, which the Appellant has filed his motions timely of recusal, Drake will file suit in federal court against all justices in the Court in their official capacity and unofficial capacity requesting damages. Appellant will also sue the spouses of each justice or judge in State Court, because Texas is a state where spouses share property and for other legal reasons. If the justice is "gay" and somehow believes that God would allow such a marriage, even if the U.S. Supreme Court deemed "gay marriages" legal, which it is an **affront** to the Almighty––Drake sues the gay partner. Appellant will even sue and serve the children of the justices that have a social security number. Appellant will sue grandmothers and grandfathers, any living person that the justices of the

2

Court may hide assess, land, money, or valuables under their names. Factually, an appellate court has jurisdiction to issue a writ of mandamus when necessary to enforce the jurisdiction of the appellate court § 22.221(a). Appellant in his mandamus did show that the trial court abused its discretion, however, the Appellant is black and state courts in Texas often times treat nonwhite, especially nonwhite attorneys cruelly. Courts will grant mandamus relief to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy available by appeal. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135-36 (Tex. 2004); (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

5.    Appellant argues further, that when the nonsuit order was signed in the trial court, it was an interlocutory order, and it merged into the order declaring the Appellant a vexatious litigant and became a final judgment for purposes of appeal. If other claims remain in the case, an order determining the last claim is final. *Crites v. Collins*, Sup. Ct. Tx, 284 S.W.3d 839; 2009 Tex. Lexis 295; 52 Tex. Sup. J. 748.

6.    Finally, appellate courts treat an order declaring a plaintiff as a vexatious litigant as a permanent injunction. A permanent injunction that disposes of all issues and parties is a final, appealable judgment. *Kubala*

3

*Public Adjusters, Inc. v. Unauthorized Practice of Law Committee for Supreme Court of Tex.*, 133 S.W.3d 790, 794 (Tex. App.--Texarkana 2004, no pet.); *Striedel v. Striedel*, 15 S.W.3d 163, 164 (Tex. App.--Corpus Christi 2000, no pet.). Declaring a "plaintiff" as a vexatious litigant is a *State Injunction* and unless the "plaintiff" takes timely action in the appeals court, it becomes a permanent injunction. Since this Court does have the authority and jurisdictions over orders such as injunctions, which are permanent, this Court have jurisdiction over the above appeal.

7. Appellant filed a timely notice of appeal to the August 19, 2014 order declaring him a vexatious litigant. Thus, the Court has jurisdiction in the above appeal. Again, if the Court has to ask simple questions as to jurisdiction when the statute allows appeals of an order declaring a "plaintiff" vexatious, the Appellant would again strongly recommend oral arguments. In closing, several of the Appellant's pleadings has disappeared that he filed with the district court in the above case, which when the Appellant files suit against Appellee and her attorney, the Appellant will also file suit against every person in the Travis County clerk's office, the clerk of court herself, and others who may have destroyed or assisted in destroying the Appellant pleadings—which is a felony crime.

4

Respectfully submitted,

Eric Drake
PO Box 833688
Richardson, Texas 75083
214-477-9288

## CERTIFICATION OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing document has been delivered to the opposing attorneys of record via US Mail or *Hand Delivered* on this the ___12th___ day of August 2015.

Eric Drake

5

# Exhibit A

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00583-CV

**In re Eric Drake**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

The petition for writ of mandamus and the emergency motion to stay are denied.
*See* Tex. R. App. P. 52.8(a).

_____

Scott K. Field, Justice

Before Justice Puryear, Pemberton and Field

Filed: September 17, 2014

# Exhibit **B**

Sec. 11.001. DEFINITIONS. In this chapter:

(1) "Defendant" means a person or governmental entity against whom a plaintiff commences or maintains or seeks to commence or maintain a litigation.

(2) "Litigation" means a civil action commenced, maintained, or pending in any state or federal court.

(3) Repealed by Acts 2013, 83rd Leg., R.S., Ch. 1224, Sec. 10, eff. September 1, 2013.

(4) "Moving defendant" means a defendant who moves for an order under Section 11.051 determining that a plaintiff is a vexatious litigant and requesting security.

(5) "Plaintiff" means an individual who commences or maintains a litigation pro se.

Added by Acts 1997, 75th Leg., ch. 806, Sec. 1, eff. Sept. 1, 1997.
Amended by:
Acts 2011, 82nd Leg., 1st C.S., Ch. 3 (H.B. 79), Sec. 9.01, eff. January 1, 2012.
Acts 2013, 83rd Leg., R.S., Ch. 1224 (S.B. 1630), Sec. 1, eff. September 1, 2013.
Acts 2013, 83rd Leg., R.S., Ch. 1224 (S.B. 1630), Sec. 10, eff. September 1, 2013.


Sec. 11.002. APPLICABILITY. (a) This chapter does not apply to an attorney licensed to practice law in this state unless the attorney proceeds pro se.

(b) This chapter does not apply to a municipal court.

Added by Acts 2013, 83rd Leg., R.S., Ch. 1224 (S.B. 1630), Sec. 2, eff. September 1, 2013.


SUBCHAPTER B. VEXATIOUS LITIGANTS

Sec. 11.051. MOTION FOR ORDER DETERMINING PLAINTIFF A VEXATIOUS LITIGANT AND REQUESTING SECURITY. In a litigation in this state, the defendant may, on or before the 90th day after the date the defendant files the original answer or makes a special appearance, move the court for an order:

(1) determining that the plaintiff is a vexatious litigant; and

(2) requiring the plaintiff to furnish security.

Added by Acts 1997, 75th Leg., ch. 806, Sec. 1, eff. Sept. 1, 1997.


Sec. 11.052. STAY OF PROCEEDINGS ON FILING OF MOTION. (a) On the filing of a motion under Section 11.051, the litigation is stayed and the moving defendant is not required to plead:

(1) if the motion is denied, before the 10th day after the date it is denied; or

(2) if the motion is granted, before the 10th day after the date the moving defendant receives written notice that the plaintiff has furnished the required security.

(b) On the filing of a motion under Section 11.051 on or after the date the trial starts, the litigation is stayed for a period the court determines.

Added by Acts 1997, 75th Leg., ch. 806, Sec. 1, eff. Sept. 1, 1997.


Sec. 11.053. HEARING. (a) On receipt of a motion under Section 11.051, the court shall, after notice to all parties, conduct a hearing to determine whether to grant the motion.

(b) The court may consider any evidence material to the ground of the motion, including:

(1) written or oral evidence; and

(2) evidence presented by witnesses or by affidavit.

Added by Acts 1997, 75th Leg., ch. 806, Sec. 1, eff. Sept. 1, 1997.


Sec. 11.054. CRITERIA FOR FINDING PLAINTIFF A VEXATIOUS LITIGANT. A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:

(1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been:

(A) finally determined adversely to the plaintiff;

(B) permitted to remain pending at least two years without having been brought to trial or hearing; or

(C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:

(A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

(B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

Added by Acts 1997, 75th Leg., ch. 806, Sec. 1, eff. Sept. 1, 1997.
Amended by:
    Acts 2013, 83rd Leg., R.S., Ch. 1224 (S.B. 1630), Sec. 3, eff. September 1, 2013.


Sec. 11.055.  SECURITY.  (a)  A court shall order the plaintiff to furnish security for the benefit of the moving defendant if the court, after hearing the evidence on the motion, determines that the plaintiff is a vexatious litigant.

(b)  The court in its discretion shall determine the date by which the security must be furnished.

(c)  The court shall provide that the security is an undertaking by the plaintiff to assure payment to the moving defendant of the moving defendant's reasonable expenses incurred in or in connection with a litigation commenced, caused to be commenced, maintained, or caused to be maintained by the plaintiff, including costs and attorney's fees.

Added by Acts 1997, 75th Leg., ch. 806, Sec. 1, eff. Sept. 1, 1997.


Sec. 11.056.  DISMISSAL FOR FAILURE TO FURNISH SECURITY.  The court shall dismiss a litigation as to a moving defendant if a plaintiff ordered to furnish security does not furnish the security within the time set by the order.

Added by Acts 1997, 75th Leg., ch. 806, Sec. 1, eff. Sept. 1, 1997.


Sec. 11.057.  DISMISSAL ON THE MERITS.  If the litigation is dismissed on its merits, the moving defendant has recourse to the security furnished by the plaintiff in an amount determined by the court.

Added by Acts 1997, 75th Leg., ch. 806, Sec. 1, eff. Sept. 1, 1997.


SUBCHAPTER C.  PROHIBITING FILING OF NEW LITIGATION

Sec. 11.101.  PREFILING ORDER; CONTEMPT.  (a)  A court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing, pro se, a new litigation in a court to which the order applies under this section without permission of the appropriate local administrative judge described by Section 11.102(a) to file the litigation if the court finds, after notice and hearing as provided by Subchapter B, that the person is a vexatious litigant.

(b)  A person who disobeys an order under Subsection (a) is subject to contempt of court.

(c)  A litigant may appeal from a prefiling order entered under Subsection (a) designating the person a vexatious litigant.

(d)  A prefiling order entered under Subsection (a) by a justice or constitutional county court applies only to the court that entered the order.

(e)  A prefiling order entered under Subsection (a) by a district or statutory county court applies to each court in this state.

Added by Acts 1997, 75th Leg., ch. 806, Sec. 1, eff. Sept. 1, 1997.
Amended by:
    Acts 2011, 82nd Leg., 1st C.S., Ch. 3 (H.B. 79), Sec. 9.02, eff. January 1, 2012.
    Acts 2013, 83rd Leg., R.S., Ch. 1224 (S.B. 1630), Sec. 4, eff. September 1, 2013.


Sec. 11.102.  PERMISSION BY LOCAL ADMINISTRATIVE JUDGE.  (a)  A vexatious litigant subject to a prefiling order under Section 11.101 is prohibited from filing, pro se, new litigation in a court to which the order applies without seeking the permission of:

(1)  the local administrative judge of the type of court in which the vexatious litigant intends to file, except as provided by Subdivision (2); or

(2)  the local administrative district judge of the county in which the vexatious litigant intends to file if the litigant intends to file in a justice or constitutional county court.

(b)  A vexatious litigant subject to a prefiling order under Section 11.101 who files a request seeking permission to file a litigation shall provide a copy of the request to all defendants named in the proposed litigation.

(c)  The appropriate local administrative judge described by Subsection (a) may make a determination on the request with or without a hearing.  If the judge determines that a hearing is necessary, the judge may require that the·vexatious litigant filing a request under Subsection (b) provide notice of the hearing to all defendants named in the proposed litigation.

(d)  The appropriate local administrative judge described by Subsection (a) may grant permission to a vexatious litigant subject to a prefiling order under Section 11.101 to file a litigation only if it appears to the judge that the litigation:

(1)  has merit; and

(2)  has not been filed for the purposes of harassment or delay.

(e)  The appropriate local administrative judge described by Subsection (a) may condition permission on the furnishing of security for the benefit of the defendant as provided in Subchapter B.

(f)  A decision of the appropriate local administrative judge described by Subsection (a) denying a litigant permission to file a litigation under Subsection (d), or conditioning permission to file a litigation on the furnishing of security under Subsection (e), is not grounds for appeal, except that the litigant may apply for a writ of mandamus with the court of appeals not later than the 30th day after the date of the decision.  The denial of a writ of mandamus by the court of appeals is not grounds for appeal to the supreme court or court of criminal appeals.

Added by Acts 1997, 75th Leg., ch. 806, Sec. 1, eff. Sept. 1, 1997.
Amended by:
    Acts 2011, 82nd Leg., 1st C.S., Ch. 3 (H.B. 79), Sec. 9.03, eff. January 1, 2012.
    Acts 2013, 83rd Leg., R.S., Ch. 1224 (S.B. 1630), Sec. 5, eff. September 1, 2013.


Sec. 11.103.  DUTIES OF CLERK.  (a)  Except as provided by Subsection (d), a clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing.

(b)  Repealed by Acts 2013, 83rd Leg., R.S., Ch. 1224, Sec. 10, eff. September 1, 2013.

(c)  If the appropriate local administrative judge described by Section 11.102(a) issues an order permitting the filing of the litigation, the litigation remains stayed and the defendant need not plead until the 10th day after the date the defendant is served with a copy of the order.

(d)  A clerk of a court of appeals may file an appeal from a prefiling order entered under Section 11.101 designating a person a vexatious litigant or a timely filed writ of mandamus under Section 11.102.

Added by Acts 1997, 75th Leg., ch. 806, Sec. 1, eff. Sept. 1, 1997.
Amended by:
    Acts 2011, 82nd Leg., 1st C.S., Ch. 3 (H.B. 79), Sec. 9.04, eff. January 1, 2012.
    Acts 2013, 83rd Leg., R.S., Ch. 1224 (S.B. 1630), Sec. 6, eff. September 1, 2013.
    Acts 2013, 83rd Leg., R.S., Ch. 1224 (S.B. 1630), Sec. 7, eff. September 1, 2013.
    Acts 2013, 83rd Leg., R.S., Ch. 1224 (S.B. 1630), Sec. 10, eff. September 1, 2013.


Sec. 11.1035.  MISTAKEN FILING.  (a)  If the clerk mistakenly files litigation presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 without an order from the appropriate local administrative judge described by Section 11.102(a), any party may file with the clerk and serve on the plaintiff and the other parties to the litigation a notice stating that the plaintiff is a vexatious litigant required to obtain permission under Section 11.102 to file litigation.

(b)  Not later than the next business day after the date the clerk receives notice that a vexatious litigant subject to a prefiling order under Section 11.101 has filed, pro se, litigation without obtaining an order from the appropriate local administrative judge described by Section 11.102(a), the clerk shall notify the court that the litigation was mistakenly filed.  On receiving notice from the clerk, the court shall immediately stay the litigation and shall dismiss the litigation unless the plaintiff, not later than the 10th day after the date the notice is filed, obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing of the litigation.

(c)  An order dismissing litigation that was mistakenly filed by a clerk may not be appealed.

Added by Acts 2013, 83rd Leg., R.S., Ch. 1224 (S.B. 1630), Sec. 8, eff. September 1, 2013.


Sec. 11.104.  NOTICE TO OFFICE OF COURT ADMINISTRATION; DISSEMINATION OF LIST.  (a)  A clerk of a court shall provide the Office of Court Administration of the Texas Judicial System a copy of any prefiling order issued under Section 11.101 not later than the 30th day after the date the prefiling order is signed.

(b)  The Office of Court Administration of the Texas Judicial System shall post on the agency's Internet website a list of vexatious litigants subject to prefiling orders under Section 11.101.  On request of a person designated a vexatious litigant, the list shall indicate whether the person designated a vexatious litigant has filed an appeal of

that designation.

(c)  The Office of Court Administration of the Texas Judicial System may not remove the name of a vexatious litigant subject to a prefiling order under Section 11.101 from the agency's Internet website unless the office receives a written order from the court that entered the prefiling order or from an appellate court.  An order of removal affects only a prefiling order entered under Section 11.101 by the same court.  A court of appeals decision reversing a prefiling order entered under Section 11.101 affects only the validity of an order entered by the reversed court.

Added by Acts 1997, 75th Leg., ch. 806, Sec. 1, eff. Sept. 1, 1997.
Amended by:
    Acts 2011, 82nd Leg., 1st C.S., Ch. 3 (H.B. 79), Sec. 9.05, eff. January 1, 2012.
    Acts 2013, 83rd Leg., R.S., Ch. 1224 (S.B. 1630), Sec. 9, eff. September 1, 2013.