COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Marty Patterson and Patterson Midstream Services LLC
v. Five Point Capital Midstream Funds I and II LP, their
Manager, Five Point Energy LLC f/k/a Five Point Capital
Partners, LLC, David N. Capobiano and Matthew
Morrow

Appellate case number:   01-19-00643-CV

Trial court case number:  2019-18272

Trial court:             129th District Court of Harris County

This is an appeal from an order signed August 12, 2019. It appears from the record that the judgment is not final. The order does not dispose of all claims. *See Crites v. Collins*, 284 S.W.3d 839, 841 (Tex. 2009) (order not final when it did not unequivocally express an intent for order to be final and appealable order and did not address all pending claims).

The Supreme Court of Texas has advised that if an appellate court is uncertain about the intent of an order to finally dispose of all claims and parties, it may abate the appeal to permit clarification by the trial court. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). Texas Rule of Appellate Procedure 27.2 provides as follows:

> The appellate court may allow an appealed order that is not
> final to be modified so as to be made final and may allow the
> modified order and all proceedings relating to it to be included
> in a supplemental record.

TEX. R. APP. P. 27.2.

Accordingly, we order the case abated and remanded to the trial court for a period of forty-five days so that the trial court may clarify whether the August 12, 2019 Order is

final, and to permit the parties to obtain an order or orders disposing of the motion to recover attorney fees, if necessary. A supplemental clerk's record containing the trial court's clarifying order or orders shall be filed with the clerk of this court within 75 days.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

It is so ORDERED.


Judge's signature: _____/s/ Sherry Radack_____
☒ Acting individually   ☐ Acting for the Court


Date: ___January 16, 2020___