**Dismissed and Memorandum Opinion filed August 3, 2021.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-20-00012-CV

**SHANNON MARK DOUTHIT, Appellant**

**V.**

**JOHN WEST, TRAVIS TURNER, ROBERT HERRERA, PAUL B. WILDER, TAROLYN B. AMERSON, AND KENNETH S. GILBERT, Appellees**

**On Appeal from the 506th District Court**
**Grimes County, Texas**
**Trial Court Cause No. 34705**

## MEMORANDUM OPINION

Appellant, Shannon Mark Douthit, attempts to appeal the trial court's order dismissing his suit against appellees John West, Travis Turner, Robert Herrera, Paul B. Wilder, Tarolyn B. Amerson, and Kenneth S. Gilbert, for non-compliance with Chapter 14 of the Civil Practice and Remedies Code. We dismiss the appeal for want of jurisdiction.

## BACKGROUND

Douthit, proceeding pro se and informa pauperis, filed suit against John West, Travis Turner, Robert Herrera, Paul B. Wilder, Tarolyn B. Amerson, and Kenneth S. Gilbert requesting damages and injunctive and declaratory relief seeking restoration of good time credit and return of his legal materials. Asserting six claims, Douthit alleged violations of his civil rights under chapter 42, sections 1983, 1985, and 1986 of the United States Code, and article 1, sections 3 and 19 of the Texas Constitution. *See* 42 U.S.C. §§ 1983, 1985, & 1986; Tex. Const. art. 1, §§ 3, 19.

Douthit alleged his legal materials and commissary items were confiscated by appellee, Correctional Officer Kenneth Gilbert. Douthit's commissary items were returned, but Douthit alleged his legal materials were not returned. Douthit argued that his materials were confiscated as retaliation for the exercise of his right to access the courts. Douthit further alleged that appellees conspired to harass him and retaliate against him for exercising his right to access the courts. Douthit further alleged that appellees knew of the alleged wrongs to be done to him and neglected to prevent them. *See* 42 U.S.C. § 1986.

All six defendants/appellees filed an answer to Douthit's suit. Five of the defendants/appellees, West, Herrera, Wilder, Amerson, and Gilbert, filed a motion to dismiss Douthit's suit pursuant to section 14.010 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 14.010 (permitting dismissal of claim for non-compliance with chapter 14). Appellee Travis Turner did not file a motion to dismiss Douthit's suit.

The trial court signed an order dismissing Douthit's suit for non-compliance with chapter 14 of the Civil Practice and Remedies Code. The trial court recited that "Defendants John West, Robert Herrera, Paul Wilder, Tarolyn Amerson and Kenneth Gilbert" filed a motion to dismiss. The trial court dismissed "this cause of

2

action" with prejudice. The trial court's order did not contain language of finality.

## ANALYSIS

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001)

When there has been no traditional trial on the merits, no presumption arises regarding the finality of a judgment. *Crites v. Collins*, 284 S.W.3d 839, 840 (Tex. 2009). Here, the dismissal order does not unequivocally express an intent to dispose of all claims and all parties, but specifically disposes only of Douthit's "cause of action" against West, Herrera, Wilder, Amerson, and Gilbert.

Nothing in the record indicates that Douthit's claims against Turner were dismissed. Accordingly, a signed, written order disposing of Douthit's claims against Turner would be necessary for a final, appealable judgment. *See Douet v. Romero*, No. 14-21-00103-CV, 2021 WL 2324910, at *2 (Tex. App.—Houston [14th Dist.] June 8, 2021, no pet. h.) (mem. op.).

On June 28, 2021, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless the parties filed a response demonstrating grounds for continuing the appeal on or before July 9, 2021. *See* Tex. R. App. P. 42.3(a). Both parties filed responses, but neither appellant's, nor appellees' response, demonstrated that this court has jurisdiction over the appeal.

## CONCLUSION

Because the trial court's order contains no language of finality, and all parties and all claims in the trial court were not disposed of, we dismiss this interlocutory

appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).


/s/    Jerry Zimmerer
           Justice


Panel consists of Justices Bourliot, Zimmerer, and Spain.