**Dissenting Opinion Filed June 4, 2024**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-23-00359-CV

---

**IN RE UNITED DEVELOPMENT FUNDING, L.P.; UNITED DEVELOPMENT FUNDING II, L.P.; UNITED DEVELOPMENT FUNDING III, L.P.; UNITED DEVELOPMENT FUNDING IV, A MARYLAND REIT; UNITED DEVELOPMENT FUNDING INCOME FUND V, A MARYLAND REIT; UNITED MORTGAGE TRUST, A MARYLAND REIT; UNITED DEVELOPMENT FUNDING LAND OPPORTUNITY FUND, L.P.; AND UNITED DEVELOPMENT FUNDING LAND OPPORTUNITY FUND INVESTORS, L.L.C., Relators**

---

**Original Proceeding from the County Court at Law No. 3
Dallas County, Texas
Trial Court Cause No. CC-17-06253-C**

---

## OPINION DISSENTING FROM THE DENIAL OF MOTION FOR EN BANC RECONSIDERATION

Dissenting Opinion by Justice Pedersen, III

Once again, this Court has held that, following a notice of nonsuit, an order that states that "the above captioned case is hereby dismissed without prejudice" demonstrates a "clear indication that the trial court intended the order to completely dispose of the case." In so holding, we are simply declaring invocation of those particular "magic words" sufficient to resolve the important and often

elusive determination as to finality. *See Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (per curiam) ("[N]o 'magic language' is required" to render a judgment "final[.]") Review of the record makes unmistakably clear that neither trial court intended this result. However, we refuse to consider the record, and we also refuse to remand for clarification by the trial court. I have previously disagreed with this Court's now binding precedent to such effect. *See In re C.K.M.*, No. 05-23-00983-CV, 2024 WL 448854, at *3–5 (Tex. App.—Dallas Feb. 6, 2024, pet. filed) (mem. op.) (Pedersen, III, J. dissenting).

It is my belief that our supreme court has rejected "magic words" and instead "[a] judgment dismissing all of a plaintiff's claims against a defendant, such as an order of nonsuit, does not necessarily dispose of any cross-actions, such as a motion for sanctions, *unless specifically stated within the order*." *Crites v. Collins*, 284 S.W.3d 839, 840–41 (Tex. 2009) (per curiam) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 199 (Tex. 2001)) (emphasis added). Not even the word "final" is enough. *See Lehmann*, 39 S.W.3d at 205 ("An order does not dispose of all claims and all parties merely because it is entitled 'final,' or because the word 'final' appears elsewhere in the order, or even because it awards costs."). Instead, "[a] judgment is final for purposes of appeal if it actually disposes of all claims and parties, regardless of its language, or states with *unmistakable clarity*

that it is a final judgment as to all claims and parties.[1] Our precedent improperly deprives the trial judge of the appropriate responsibility of the initial determination of finality of the trial court's own judgment, even if that determination turns out to be erroneous.

I believe this court has deviated again from supreme court authority. I remain unconvinced that "the above captioned case is hereby dismissed without prejudice" provides "unmistakable clarity" as to the trial court's intention of finality, and are simply "magic words" we will hereafter accept, regardless of other available avenues for determination of the trial court's true intentions. This deviation has created an unnecessary and unacceptable risk of closing the courthouse door for unwary litigants, and in the two cases discussed herein, contrary to the clear intentions of the trial judges who signed the applicable orders. This poorly serves parties with legitimate needs to access our civil justice system.

---

[1] I understand this test to mean that if a trial judge says, clearly and unequivocally, that she intends the judgment to be final, it is final for purposes of appellate review. Of course, the trial judge may be wrong, but the clear and unequivocal expression of the trial court's intentions provides an appellate court with jurisdiction to determine if the trial court is correct. If any doubt exists, Texas law allows two options: (1) abate the appeal and remand to permit clarification by the trial court, or (2) review of the record. *See Lehmann*, 39 S.W.3d at 206; *In re C.K.M.*, 2024 WL 448854, at *3 (Pedersen, III, J. dissenting).

I respectfully dissent from this Court's denial of the motion for en banc reconsideration.

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

Miskel, J., joins this dissenting opinion.

230359F.P05