

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

## No. 07-24-00388-CV

___

**CODY HOWARD, APPELLANT**

**V.**

**LACY KIMBALL, INDIVIDUALLY AND D/B/A LACY KIMBALL LAW, APPELLEE**

___

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CV24-0589, Honorable Craig Towson, Presiding

___

## January 15, 2025

## ORDER OF ABATEMENT AND REMAND

### Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Cody Howard, appeals from the *Order on Plea to the Jurisdiction* wherein the trial court "overruled" the plea to the jurisdiction of Appellee, Lacy Kimball, and "dismissed" the suit.[1]  Because of our concern that this order lacks finality and appealability, we abate the appeal and remand this cause to the trial court for further proceedings.

___

[1] This appeal was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001.

Howard and CMH Group, LLC sued Kimball for legal malpractice. Kimball answered the suit and filed a plea to jurisdiction, a motion to dismiss pursuant to Rule of Civil Procedure 91a, and a motion for sanctions under Section 10 of the Civil Practice and Remedies Code and Rule 13 of the Rules of Civil Procedure. Thereafter, CMH Group filed a notice of nonsuit of its claims. The record, however, does not include a trial court order granting the nonsuit. On June 24, 2024, the trial court issued an order denying Kimball's Rule 91a motion to dismiss and an order overruling her plea to the jurisdiction. Though the *Order on Plea to the Jurisdiction* purports to overrule Kimball's plea to the jurisdiction, it states that "[t]he suit is dismissed." Howard appealed the order.

Generally, with few statutory exceptions, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). When there has been no conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or it clearly and unequivocally states that it finally disposes of all claims and all parties. *Id.* at 205. If an appellate court is uncertain about the intent of an order to finally dispose of all claims and parties, it can abate the appeal to permit clarification by the trial court. *Id.* at 206.

The *Order on Plea to the Jurisdiction* does not contain unequivocal finality language as expressed in *Lehmann* nor does it dispose of all parties and claims. *Lehmann*, 39 S.W.3d at 205 ("Language that the plaintiff take nothing by his claims in the case, or that the case is dismissed, shows finality if there are no other claims by other parties . . ."). First, there is no trial court order nonsuiting CMH Group's claims against Kimball. *See In re Bennett,* 960 S.W.2d 35, 38 (Tex. 1997) (per curiam) ("Appellate timetables do not run from the date a nonsuit is filed, but rather from the date the trial

2

court signs an order of dismissal."). Second, the *Order on Plea to the Jurisdiction* does not dispose of the motion for sanctions sought by Kimball against Howard and CMH Group. *See Crites v. Collins*, 284 S.W.3d 839, 841 (Tex. 2009) (holding that there was no final judgment where the order did not unequivocally express an intent to dispose of all claims and all parties and did not resolve a pending motion for sanctions.).

Without a final judgment for review, this appeal is premature and we are without appellate jurisdiction. As an alternative to dismissal, however, we may abate a premature appeal to allow the trial court to cure a jurisdictional defect, particularly when only the ministerial act of making a judgment final remains. *See* TEX. R. APP. P. 27.2; *Iacono v. Lyons*, 6 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (abating appeal when trial court needed only to act on pending notice of nonsuit).

Consequently, we abate this appeal and remand the cause to the trial court to clarify whether the *Order on Plea to the Jurisdiction* is a final judgment and, if necessary, to permit the parties to obtain an order disposing of all claims and parties. *See* TEX. R. APP. P. 27.2 ("The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record."), 44.4(b). A supplemental clerk's record containing the trial court's clarifying order, and any other necessary orders, shall be filed with the Clerk of this Court by February 14, 2025.

It is so ordered.

Per Curiam

3