In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-22-00261-CV
_____

### S&B ENGINEERS & CONSTRUCTORS, LTD. AND ZURICH AMERICAN INSURANCE COMPANY, Appellants

### V.

### SCALLON CONTROLS, INC., Appellee

**On Appeal from the 172nd District Court
Jefferson County, Texas
Trial Cause No. E-198,919**

### ORDER

Upon receiving the clerk's record, the Court finds it is necessary to abate the appeal and remand the case to the trial court for an order clarifying the trial court's orders granting motions for summary judgment.

To be final, a judgment must dispose of all issues and parties in a case. *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). No presumption of finality arises when a judgment is signed without a traditional trial on the merits.

1

*Crites v. Collins*, 284 S.W.3d 839, 841 (Tex. 2009). To determine whether such an order is final, we examine the express language of the order and whether the order actually disposes of all claims against all parties. *Id*. "A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language." *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). "Thus, if a court has dismissed all of the claims in a case but one, an order determining the last claim is final." *Id*. A judgment is final either if "it actually disposes of every pending claim and party" or "it clearly and unequivocally states that it finally disposes of all claims and all parties." *Id.* at 205. When unmistakable language of finality is missing, the record resolves the issue. *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020).

On February 12, 2020, the trial court granted a motion to realign the parties with S&B Engineers and Constructors, Ltd., Sunoco Logistics Partners Operations GP LLC, and Sunoco Logistics Partners LP as plaintiffs and Scallon Controls, Inc. as defendant. On December 9, 2021, the trial court signed an order nonsuiting the claims of Sunoco Logistics Partners Operations GP LLC, and Sunoco Logistics Partners LP without prejudice. On December 10, 2021, Zurich American Insurance Company filed a petition in intervention asserting a subrogation claim against Scallon Controls, Inc. On January 27, 2022, the trial court signed an order denying the motion for summary judgment filed by S&B Engineers and Constructors, Ltd.

2

and granting the motion for summary judgment filed by Scallon Controls, Inc., "in its entirety." The January 27, 2022 order is expressly interlocutory due to the unresolved intervention. On July 15, 2022, the trial court signed an order stating that Scallon Controls, Inc.'s motion for summary judgment on the petition in intervention of Zurich American Insurance Company "is hereby in all things GRANTED."[1] Neither of the orders granting Scallon Controls, Inc.'s motions for summary judgment contain decretal language actually disposing of the claims asserted by S&B Engineers and Constructors, Ltd. and Zurich American Insurance Company.

The decretal portion of a judgment grants or denies the remedy sought. *Matter of Guardianship of Jones*, 629 S.W.3d 921, 925 (Tex. 2021). "An order that merely grants a motion for judgment is in no sense a judgment itself. It adjudicates nothing." *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003). But finality requires no particular phraseology so long as the judgment is expressed in language which is significant in common understanding and parlance. *Jones*, 629 S.W.3d at 926. "An order that merely grants a motion for summary judgment without any decretal language actually disposing of a claim is not a judgment on any claim." *Frausto v. RC Indus. LLC*, 605 S.W.3d 54, 56 (Tex. App.—San Antonio 2020, no pet.).

In *Jones*, the trial court signed an order that granted motions to dismiss a bill of review. 629 S.W.3d at 923. Although the order lacked decretal language, the order

---

[1]The Order of July 15, 2022 has been omitted from the clerk's record.

did state, "This order is a final order." *Id.* at 924. Here, neither order granting the defendant's motion for summary judgment decrees that the plaintiff or intervenor take nothing, the January 27, 2022 order is expressly interlocutory, and the July 15, 2022 order does not state that it is a final order. "If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court." *Lehmann*, 39 S.W.3d at 206.

On our own motion, we abate the appeal and remand the cause to the trial court. On remand, the trial court shall give notice to appellate counsel and supplement the record to indicate whether it rendered a final judgment on July 15, 2022. If the trial court intended to render a final disposition of all parties and all claims, it shall modify the Order of July 15, 2022 to state that intent clearly and unequivocally. *See* Tex. R. App. P. 27.2 ("The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record."). Conversely, if the trial court concludes it did not intend to render a final judgment, it shall so certify in writing. *See Disco Mach. of Liberal Co. v. Payton*, 900 S.W.2d 71, 74 (Tex. App.—Amarillo 1995, writ denied) (abating and remanding appeal for clarification of whether final judgment was intended). A supplemental clerk's record containing the July 15, 2022 order and the modified order clarifying its intent regarding finality, or the trial court's certification that it did not intend a

4

final judgment, shall be filed with the clerk of this Court on or before October 3, 2022. The appeal will be reinstated without further order of this Court when the supplemental clerk's record is filed with the Court of Appeals. All appellate deadlines are suspended while the case is on remand to the trial court.

ORDER ENTERED September 1, 2022.

PER CURIAM

Before Golemon, C.J., Horton and Johnson, JJ.