**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00345-CV**
_____

**IN RE LAKESIDE RESORT JV, LLC D/B/A MARGARITAVILLE RESORT LAKE CONROE**

**Original Proceeding**
**457th District Court of Montgomery County, Texas**
**Trial Cause No. 21-12-16463-CV**

**MEMORANDUM OPINION**

In December of 2021, the Plaintiff, Kellie Stanley Mendez ("Mendez"), filed a personal injury lawsuit against the Defendant, Lakeside Resort JV, LLC d/b/a Margaritaville Resort Lake Conroe ("Lakeside"). Mendez alleged that she was injured when she stepped in a hole on the Defendant's property. Lakeside did not file an answer to the lawsuit, and Mendez filed a motion for default judgment. After holding a hearing and receiving evidence, in February of 2022, the trial court signed a default judgment awarding damages to Mendez. Mendez requested and obtained an abstract of judgment.

1

More than six months after the default judgment was signed and filed, Lakeside filed an Original Answer, a Motion to Set Aside Default Judgment and Motion for New Trial, and a Motion to Rescind Abstract of Judgment. The trial court denied Lakeside's motion to rescind the abstract of judgment. The trial court also denied the motion to set aside the default judgment and motion for new trial, finding that its "plenary power jurisdiction over the February 4, 2022, Final Default Judgment has expired."

In a mandamus petition, Relator Lakeside argues the trial court abused its discretion by permitting execution to proceed on a judgment that is not final. In response, Real Party in Interest Mendez argues the trial court correctly refused to act to vacate, modify or correct the judgment after its plenary power expired. Mendez also argued that Lakeside's "exclusive remedy" is to file a separate Bill of Review proceeding. Relator also filed a Reply In Support of its Petition.

We temporarily stayed execution on the judgment while we considered the mandamus petition. For the reasons explained below, we deny the petition for a writ of mandamus.

To be final, a judgment must dispose of all issues and parties in a case. *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). No presumption of finality arises when a judgment is signed without a traditional trial on the merits. *Crites v. Collins*, 284 S.W.3d 839, 841 (Tex. 2009). To determine whether such an

2

order is final, we examine the express language of the order and whether the order actually disposes of all claims against all parties. *Id*. A judgment is final if it "actually disposes of every pending claim and party" or "it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp*., 39 S.W.3d 191, 205 (Tex. 2001). "[A] trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable." *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020). When unmistakable language of finality is missing, the record resolves the issue. *Id*.

Lakeside contends the Final Default Judgment is not a final judgment. In its judgment, the trial court recites that Mendez moved for default judgment after Lakeside failed to file an answer and that Mendez presented evidence of liability, causation, and damages. The judgment is styled as "Final Default Judgment" and in the default judgment, the trial court renders judgment for the plaintiff, awards specific amounts for past damages, future damages, and prejudgment interest, and awards post judgment interest at a rate of 5 percent per annum, compounded annually. And, the default judgment closes with, "[t]his Judgment finally disposes of all claims and all parties, and is not appealable. The Court orders execution to issue for this Judgment."

Lakeside argues the Final Default Judgment lacks unequivocal finality language because it states in the section quoted above that the judgment "is not appealable." The statement that the Final Default Judgment "is not appealable" is an incorrect statement of law, but that does not mean the judgment lacked unequivocal language of finality. An incorrect rendition will not prevent an order from being final. *See In re Elizondo*, 544 S.W.3d 824, 828 (Tex. 2018) (orig. proceeding) (An "order may lack a basis in law, but it is not ambiguous." When the judgment "clearly purports to dispose of all claims and all parties[,]" it is a final judgment, and an "[e]rror is not the same as ambiguity."). Lakeside also argues the judgment fails to dispose of all claims because it does not address court costs and expenses. When a judgment states that it disposes of all claims and parties, the reviewing court must take the order at face value. *Id.* The judgment in this case states that it finally disposes of all claims and all parties.

We conclude that the Final Default Judgment contains language that states it disposed of all claims and all parties and it was clear, unequivocal, and it is not ambiguous. We also find that the finality phrase renders the record irrelevant to determining whether the order is final. The default judgment is final even though it erroneously states it "is not appealable." *Id*.; *Lehmann*, 39 S.W.3d at 200.

Because the Relator has not shown that it is entitled to mandamus relief, we deny the petition for a writ of mandamus. Accordingly, we lift our temporary stay,

effective fifteen days from the date of this Opinion, and we deny the petition. *See*

Tex. R. App. P. 52.8(a).

     PETITION DENIED.

                                          PER CURIAM

Submitted on November 14, 2022
Opinion Delivered December 1, 2022

Before Kreger, Horton and Johnson, JJ.